AUSTIN MELVIN AND OTHERS, RESPONDENTS, v. JAMES WOOD, APPELLANT.

*Practice—Bill of Particulars—Amendment—Discretion.*

A bill of particulars attached to a complaint forms a part of the pleadings in the case; and under the provisions of law authorizing a referee to allow amendments of the pleadings, he may allow such bill of particulars to be amended by the substitution of a new one in its stead. Such permission to amend is in the discretion of the referee, and not reversible.

*A. J. Parker* for Appellant.
*J. H. Reynolds* for Respondents.

DAVIES, CH.J.—The Plaintiffs claim to recover in this action a balance of account due them from the Defendants, copartners, transacting business under the name of Samuel Barker. The referee before whom the action was tried found the following facts:

1. At the times in said report mentioned, the Plaintiffs were, and still are, copartners in business in the city of New York, under the firm-name of Melvin & Danforth.

2. On the 1st day of April, 1859, the Defendants became copartners in the business of tanning hides and skins in the Highland Tannery, Newburgh, Orange county, under the firm-name of Samuel Barker; and such copartnership continued from said 1st day of April, 1859, until after the 5th day of November in the same year.

3. That between the 9th day of April and the 5th day of November, 1859, both inclusive, the Plaintiffs, at the request of the Defendant, sold and delivered to them, on divers days, hides and leather, and lent and advanced to them cash, amounting, a together, to the sum of $9,134.80, as now particularly appeared in a schedule annexed to his report, marked A.

4. That during the times aforesaid, and on divers days after the dissolution of Defendants' said firm, prior to July 10, 1860, the Plaintiffs received from Defendants, for sale on commission, for

account of said Defendants, divers quantities of leather, and sold the same for Defendants' account, and credited the Defendants with the net proceeds thereof; and that during the same period they made certain allowances as credit to said Defendants, on account of damage on hides sold them, and of a small balance due from the said Plaintiffs to Defendant Barker, at the date of the formation of said firm of Samuel Barker.

5. That the net proceeds of such sales, including said allowance, after deducting all commissions, charges, disbursements, and allowances, amounted to the sum of $7,521.99, and the items of said credit were stated in detail in said Schedule A.

6. That by agreement between Plaintiffs. and Defendants, the Defendants were to be charged with interest on sales from the time when the same became due, and on all moneys advanced, from the date of such advance, and were to be credited with interest on all proceeds of sales for their account from date of realizing said proceeds; and on the 10th of July, 1860, the balance of interest on said accounts of debits and credits was in favor of Plaintiffs, and amounted to $184.32, and there was then due from Defendants to Plaintiffs, on said account, a balance of principal and interest amounting to the sum of $1,797.13.

7. That on said 10th of July, 1860, payment of said balance was demanded of said Defendant Wood.

8. That no part of said balance had been paid by said Defendants to said Plaintiffs; but that the whole amount thereof was due from said Defendants to said Plaintiffs, with interest thereon from said 10th day of July, 1860.

The said referee accordingly reported, as a conclusion of law, that the said Plaintiffs were entitled to recover that sum, and judgment was thereupon entered in favor of the Plaintiffs therefor, and on appeal the same was affirmed.

The Defendant Wood now appeals to this Court.

Upon the facts found by the learned referee, the judgment in favor of the Plaintiffs for the amount thereof was clearly correct, and must stand, if no errors were committed upon the trial. This I understand to be conceded by the learned counsel for the Ap-

pellant, and he therefore proceeds in his brief to point out the several erroneous rulings which, in his opinion, he thinks the referee made upon the trial.

1. It is urged that the referee erred in excluding this question, put to the Defendant Wood, on his examination as a witness: "Did you ever know that any goods bought by Raybold & Barker, previous to April 1, 1859, were carried into the account of your firm?" It had appeared from the previous testimony of the Defendant Barker, taken without objection, that, previous to the formation of the copartnership between the Defendants, the Defendant Barker had been in partnership with a man named Raybold; that the goods of Barker & Raybold went with the stock of Wood & Barker; that they had been partly tanned at Harlem, were finished at Newburgh, sent to Plaintiffs for sale, the proceeds passed into the new books, and the note given by Barker & Raybold was paid by the new firm.

It is not perceived how the Plaintiffs were affected by the fact whether Wood knew or did not know whether any goods bought by Barker & Raybold, previous to the formation of the Defendants' partnership, were carried into the accounts of the firm of the latter. Such knowledge on the part of Wood was wholly irrelevant and immaterial to these Plaintiffs. But the exception to the exclusion of the question is of no moment, as the Defendant Wood immediately thereafter testified that he never knew or sanctioned any transfer to his firm of any of the transactions of the Plaintiffs with Raybold & Barker. This covered the fact of Wood's knowledge that any goods bought by Raybold & Barker were carried into the accounts of the new firm.

There was no error in the exclusion of the question; but if there was any, it worked no injury to the Defendant Wood, as he subsequently testified that he never knew of any such tranfer.

2. It is objected that the referee erred in allowing the Plaintiffs to amend their bill of particulars. To the complaint was annexed, and served therewith, an account of the Defendants with the Plaintiffs, appropriately designated as a bill of particulars. It formed a part of the pleadings in the action. Upon the trial,

the counsel for the Defendant Wood moved for leave to amend his answer, so as to conform to the second and third heads of the defence, and particularly the counter-claims, to the testimony already given, and particularly to the testimony of Samuel Barker. The referee decided to allow the amendments to the answer of the Defendant Wood, as proposed by his counsel, and thereupon the same was amended accordingly. The Plaintiffs' counsel then moved for leave to amend the complaint by substituting, in the place of the original bill of particulars, a new bill of items filed with the referee, to which the counsel for the Defendant Wood objected; and the referee overruled the objection, and allowed the amendment to the complaint; and to this decision the counsel for the Defendant Wood then and there excepted.

Sections 169 and 173 of the Code fully authorized the referee to amend the pleadings of the respective parties in this action, and we do not regard his rulings in this respect open to review in this Court. It was a matter resting in the discretion of the referee, and we think it was properly exercised in the present instance. We think it hardly lies with the Defendant to object that the same favor was allowed to the Plaintiff which he asked for and was accorded to himself, particularly as the very amendments to his pleadings, which he made by leave of the referee, probably necessitated and called for amendments on the part of Plaintiffs. The privilege which was conceded to one party was properly granted to the other, and we see no error in the referee's rulings on this branch of the case.

It is urged that the referee improperly excluded evidence of the contents of the books of the Defendants. We are not favored with an authority or a principle whereby it is established or shown that the books of a party can be adduced as evidence on his own behalf, and made testimony against his adversary. Such books are but the acts and declarations of the party making them, and upon no rule of evidence can they be competent testimony on behalf of the party keeping and making them. The referee properly excluded them.

The Plaintiff Melvin, in his cross-examination as a witness by

the counsel of the Defendant Wood, was asked if he did not remember that Mr. Wood, in the early part of April, 1860, obtained from him a statement of the account of his firm, to use, as he (Wood) told him, on a church trial, with Mr. Raybold. He answered: "I can fix no date; I have no recollection of giving him an account at that time for any purpose; I have no recollection of giving him, at any time, an account to be used at such a trial."

Wood, on his examination as a witness in his own behalf, testified that he called on Melvin for an account. He told him he was going to have a church trial, and wanted a correct account. He (Melvin) went to his books, and took that off, and said it was a correct account. The witness Wood then produced the account bearing date April 3, 1860, showing a balance due by Defendants of $1,633.88.

The Plaintiff Melvin, after the Defendant Wood had rested, was recalled for the Plaintiffs, and asked, " From what book did you make exhibit 1, May 13—that is, the account of April 3, 1860 ? "

Answer: "Partly from the ledger; the $1,148.34, as it then stood, as far as posted; and then there were two notes, one for $1,190.32, and one for $1,423.22, which had fallen due a few days before, but were not posted; I took them from the bill-book; the estimated value of the stock I took from the commercial sales book; the quantity of goods appeared on the books; the value, as estimated, was not taken from the books at all, but was a mere estimate."

All this evidence, given under this question, and the question itself, was objected to, in due time, by the counsel of the Defendant Wood, and the objection overruled, and the counsel for the Defendant Wood duly excepted. The witness was then asked: " Was any computation of interest made ? " Like objection, decision, and exception. He answered, " No." He was then asked: " Was there any computation of commissions of guarantee ?" Like objection, decision, and exception. He then answered, " No." He was then asked: " Was any more leather received by your

firm from Barker & Wood after November 16, 1859, than you have stated in your former evidence and statement of account?" Like objection, decision, and exception. He then answered, "No."

It is difficult to perceive any sound reasons for the objections to this testimony on the part of the witness Melvin. The Defendant Wood had introduced as evidence the account of April 3, 1860, as coming from the witness Melvin. It was certainly competent, after his memory had been refreshed by the production of the original account, as made out by him, and by him delivered to the Defendant Wood, also to testify in regard to it, and make such explanations as he could in reference to it. It certainly is no good reason why the witness Melvin should not be permitted to testify in regard to this paper, after its production, and had been made evidence by the Defendant Wood, that he (Melvin) had previously testified, on his cross-examination by the Defendant Wood, that he had no recollection of ever having given to him (Wood) any such account. Such testimony, at most, could only be used to discredit what Melvin might say in reference to the account, or tend to weaken or counteract the force of the explanation he might make in regard to it. It in no just sense furnished any objection whatever why he should not be permitted to testify in regard to said account, the circumstances under which it was made up and rendered, and make such explanations as he deemed needful in reference to it. It was for the referee to determine how much weight or credibility he would attach to his statements in these particulars.

We have examined carefully all the exceptions taken to the rulings of the referee, and we are of the opinion that they are untenable, and that the decision of the referee must be sustained.

It follows that the judgment must be affirmed, with costs.