MATILDA W. STEVENS *et al.*, Respondents, *against* JOHN WEBB, Appellant.

(Decided March 15th, 1883.)

Upon an application by plaintiffs in an action of ejectment for an order requiring the defendant to furnish a bill of particulars of matters averred in his answer, being allegations of the practical location of boundary lines so as to exclude the lands for which the action was brought from other lands of plaintiffs' predecessors in title, it appeared that plaintiffs' counsel was fully informed of the matters of defense, having been counsel in previous actions where the questions and facts presented by the defense had been the subject of direct investigation; and it appeared from his own affidavit upon which the application was made that the object of the motion was not to obtain information as to the lines referred to in the answer as having been practically located, but to confine the defendant to some one or other of several such lines, and to compel him to declare by whom he would claim on the trial that such line had been located. *Held*, that, under the circumstances, defendant should not be compelled to furnish the particulars applied for.

APPEAL from an order of this court granting a motion for a bill of particulars.

The action was ejectment, brought to recover possession of certain real estate situated in the City of New York, and formerly held and conveyed by the mayor, aldermen and commonalty of New York. In his answer the defendant alleged, as a separate defense, that "more than twenty years and more than forty years prior to the commencement of this action, the boundary or division lines between the lands of the plaintiffs' ancestors and predecessors in title and the lands of this defendant's remote grantors, the mayor, aldermen and commonalty of the city of New York, were by all the parties in interest practically located and adjusted so as to exclude from the lands of the ancestors and predecessors of the plaintiffs and to include within the lands of the said the mayor, aldermen and commonalty of the city of New York, all of the premises described," &c.,

" and for more than twenty years thereafter all parties interested therein or affected thereby acquiesced in such practical location, which has never been disturbed."

The plaintiffs moved for a bill of particulars of the matters so averred, and their motion was granted. From the order granting the motion the defendant appealed.

*Franklin A. Paddock* and *Francis L. Stetson,* for appellant.—Though the court undoubtedly has power to order a bill of particulars in the present case, it is a power which should be exercised only in its wise discretion and rarely in such cases as this ( *Orvis* v. *Dana,* 1 Abb. N. C. 268).

As it is clear that the plaintiffs are fully informed, not only of the defense which is proposed to be made, but also of substantially all the evidence by which ·it is proposed to sustain that defense, a bill of particulars should not be required ( *Wigand* v. *De Jonge,* 18 Hun 405). It is apparent that the plaintiffs are stimulated by some motive other than a desire for specific details, namely, by a desire to limit the extent of the defense.

Upon general principles the plaintiffs are not entitled to a bill of particulars in the present instance. The office of a bill of particulars is to limit the generality of the claim or defense, and is not to furnish evidence for the opposite party ( *Gee* v. *Chase Manuf. Co.,* 12 Hun 630). Neither is it to disclose to the opposite party the evidence upon which the party from whom it is demanded expects to rely ( *Strong* v. *Strong,* 1·Abb. Pr. N. S. 238; *Orvis* v. *Dana,* 1 Abb. N. C. 268, 286). The power to order a bill of particulars rests in discretion; and in this case its exercise was not in the line of wisdom ( *Higenbotam* v. *Green,* 25 Hun 214, 217). The power should be prudently employed with the view to enable parties to prepare their pleadings and evidence for the trial of the real issues involved in an action, and not to impose unnecessary labor upon any party ( *Butler* v. *Munn,* 9 Abb. N. C. 49, 50).

*Morris A. Tyng,* for respondents.—The court at Special

Term had undoubted power to make the order appealed from (Code Civ. Pro. § 531; *Tilton* v. *Beecher*, 59 N. Y. 176; *Dwight* v. *Germania Life Ins. Co.*, 84 N. Y. 493; *Orvis* v. *Dana*, 1 Abb. N. C. 268). The Special Term having discretion to make or to refuse to make the order appealed from, the only question on this appeal is whether that discretion has been so abused as to require the order to be reversed by the General Term. The question is not whether, as an original application, this court would, in the exercise of *its* discretion, grant the same order (*Bryan* v. *Durrie*, 6 Abb. N. C. 139, citing 1 Wait's Prac. 465; *Morrison* v. *Agate*, 20 Hun 23, 25; *Matter of Duff*, 10 Abb. Pr. N. S. 416, 423).

In actions of ejectment it has always been the practice in this state to give a bill of particulars at any time before trial (*Vischer* v. *Conant*, 4 Cowen 396, 398; approved, *Tilton* v. *Beecher*, 59 N. Y. 184). The order appealed from was a wise exercise of discretion (*Higenbotam* v. *Green*, 25 Hun 214; *Dwight* v. *Germania Life Ins. Co.*, 84 N. Y. 493).

As the order appealed from does not limit the defendant to any one of his several defenses, the discussion of the question whether he should be so limited should be postponed until he has stated what his several defenses are, and a motion is made for that purpose (*Barkley* v. *Rensalaer &c. R. R. Co.*, 27 Hun 515).

The present knowledge of the attorney for the plaintiffs may not be available to the plaintiffs on the trial, and the object in requiring the defendant to furnish a bill of particulars is not merely to inform the plaintiffs, or even the plaintiffs' attorney, but also to inform the court of the exact question it is called on to try, that its time may not be wasted (*Higenbotam* v. *Green*, 25 Hun 214).

CHARLES P. DALY, Chief Justice.—There is no doubt as to the power of the judge at Special Term to make such an order as the one appealed from (*Dwight* v. *Germania Life Ins. Co.*, 84 N. Y. 493; *Orvis* v. *Dana*, 1 Abb. N. C. 268; *Tilton* v. *Beecher*, 59 N. Y. 176). In fact it has been spe-

Stevens *v.* Webb.

cifically held in actions of ejectment, that a bill of particulars of the claim of the plaintiff or of the defendant, in respect to the land, may be ordered (*Doe d. Webb* v. *Hull*, and *Doe d. Saunders* v. *Duke of Newcastle*, 7 T. R. 332 note A).

The only question, therefore, on the appeal, is whether, upon the facts disclosed by the affidavits, the order should have been granted.

The object of a bill of particulars, whether required of the plaintiff or of the defendant, is that the other party shall not be taken by surprise from the generality of the pleadings and come to the trial unprepared as to the nature of the claim made by the plaintiff or the nature of the defense set up to it; and the effect of the bill, therefore, is to restrict the proof and limit the recovery or defense to what is stated in it, unless the variance between it and the proof offered could not have misled the other party (*Nair* v. *Gilbert*, 3 Wend. 346; *Brown* v. *Williams*, 7 Cowen 316; *Bowman* v. *Earl*, 3 Duer 691; *Hurst* v. *Watkins*, 1 Camp. 69; Graham's Practice, 514, 518).

But if a party fully knows what his adversary means to rely on for his cause of action or defense, he is not entitled to a bill of particulars of it (*Willis* v. *Wiley*, 19 Johns. 268; *Wigand* v. *De Jonge*, 18 Hun 405); and this was the case here. The affidavit upon which the order to show cause was granted was made by the plaintiffs' attorney, in which he stated that in a former litigation, in which a similar defense was interposed in respect to the property in the vicinity of that of the one involved in this suit, proof was offered by the counsel for the defendant in the present suit, of the existence of four distinct existing boundary lines of the plaintiffs' land; that it was then contended that they had all been practically located; that three of the plaintiffs' predecessors, at intervals of many years, had located and adjusted them; and that the present counsel for the plaintiffs in this action was fully informed of the matters of defense for which he now applies for the particulars, appears more fully in the affidavits read in opposition to the motion; in

which it is stated that in three previous trials the questions and facts presented by the defense in this action had been the subject of direct investigation; that the plaintiffs' attorney was counsel in these actions, and that it is the belief of the defendant's counsel, that there is not and cannot be any evidence introduced in the trial of the present action other than that embraced in the former actions, and of which he believes the plaintiffs' counsel is as fully informed as any living person.

The plaintiffs' attorney, upon this appeal, calls our attention to the fact that this does not charge that the plaintiffs know anything, but refers only to the knowledge possessed by the plaintiffs' attorney, a distinction which, upon a motion of this nature, made by the plaintiffs' attorney, and upon his affidavit, we do not appreciate.

The object of the motion is not to obtain information in respect to what lines the defendant refers to in the sixth paragraph of his answer, as having been practically located and adjusted, as the boundary lines between the lands of the plaintiffs' ancestors or predecessors, and the lands of the corporation of the city of New York, but, as expressed in the moving affidavit, to confine the defendant upon the trial to some one or the other of these four lines, and compel him to declare by whom he will claim on the trial that such a line was located.

I see no reason why the defendant should be compelled— as expressed in the order to show cause—" to state what lines and upon what position upon the soil they are, or by what ancestor or predecessor he expects to prove that such lines were so located or adjusted, and at what time he claims or expects to prove that they were so located and adjusted." The plaintiff is fully apprised, through the knowledge which he already has, of the exact nature of the defense which the defendant means to set up to this action, it being the same as set up by him in former actions, and I see no reason why he should be limited to any one of the particular lines assumed by him to have been adjusted and located.

The reason why the party is restricted in his proof by being limited in his recovery or defense to what is stated in the bill of particulars, is because he has the right to assume that his adversary has set out fully what he means to rely on for his cause of action or defense, and he should not be allowed to mislead or deceive the other party by setting up one thing and proving another—by giving a particular account of the nature of his claim or defense and then proving something different. Although the complaint or answer contains all that is required in a pleading, it may be deficient in the necessary information for the other party's guidance, which information he is not presumed to know; but if he does know it, why should the other party be required to furnish him with particulars of which he is already fully apprised. While full information should be furnished of the nature of the cause of action or of the nature of the defense that is set up to it, the court must not, in the case of a defendant, overlook what has been frequently re-iterated on applications of this kind for bills of particulars —that he is not bound to disclose the evidence upon which he relies to establish his defense; that it is sufficient if it clearly appears what the nature of his defense is; and if upon the statement made of it, his adversary and the court can see, upon the trial, what evidence is or is not relevant to prove it, it is enough. As was said in the case of *Higenbotam* v. *Green* (25 Hun 216), a bill of particulars "is neither given nor required for the purpose of disclosing to an adverse party the case relied upon, nor the proof to sub-stantiate the same. Its entire scope and nature is to furnish information to an opponent and to the court, of the specific proposition for which the party contends."

The defense set up by the sixth paragraph of the answer is that more than forty years before the commencement of this suit the boundary or division lines between the plaint-iff's ancestors and the corporation of the city of New York were, by all the parties in interest, practically located and adjusted so as to exclude from the lands of the plaintiffs' ancestors and to include within the lands of the said cor-

poration, the premises which are described by metes and bounds in the twelfth paragraph of the complaint, and are premises which the defendant holds under claim of title from the said corporation, and to recover which from the defendant the plaintiffs have brought this action of eject-ment. How the boundary or division lines were so located as to exclude the lands of the plaintiffs' ancestors and include in the lands of the corporation of the city of New York the premises which the defendant and his grantor have had possession of for more than forty years under a claim of a title, is matter of evidence, and the defendant is not required to declare to his adversary the evidence by which he expects to prove the fact upon which he relies as his defense; in addition to which the plaintiffs' attorney knows fully what that evidence is; and the reason which he gives in his affidavit why the defendant should be re-stricted, through the instrumentality of a bill of particulars, to some one or other of the four lines of which the defend-ant gave proof in the preceding actions, is that if the defendant is not so confined, it will require an extensive preparation on the part of the plaintiffs of a large amount of irrelevant testimony.

The inconvenience or trouble to which the plaintiff may be put in proving his case, is no reason why the defendant should be limited in his defense to proof of the locating or adjusting of one line. For all that the court can know, it may be very material, upon a question of boundaries, for the defendant, in establishing his defense, to show the loca-tion of four lines. The respondent suggests that the order does not limit the defendant to the proof of one line, or impose any limitation; that it is simply in general terms that a bill of particulars be furnished of the matters averred in the sixth paragraph.

Where an order made upon a motion of this kind is simply, in general terms, that a bill of particulars be fur-nished, it would naturally be interpreted in connection with what was asked for in the order to show cause; and the party furnishing it would be expected to set forth the

specific information that has been applied for; and the defendant upon complying with the order would be restricted to the particulars set forth by him in the bill. But if such is not its effect, if it would not, as the plaintiff expected and desired, limit the defendant to one or other of the four lines, then there was no object in granting it, as the plaintiff is already possessed of all the information that would be contained in it.

For these reasons the order, in my opinion, should be reversed, with costs to abide final event.

VAN BRUNT and J. F. DALY, JJ., concurred.

Order reversed, with costs to abide final event.