(31 Misc. Rep. 8.)

## DRAKE v. DRAKE et al.

(Supreme Court, Special Term, New York County.   March, 1900.)

PARTITION—MORTGAGEE—TITLE THROUGH WIFE—RECORD TITLE—BILL OF PARTICULARS—DEVOLUTION OF TITLE.

    Where one defendant is alleged to be seised of an estate in fee to the whole of the premises sought to be partitioned, which is mortgaged to another defendant, and the latter alleges perfect, indefeasible record title in such mortgagee to the whole of the premises, derived through D., and that no interest is disclosed by the records in plaintiff or the other defendants, such mortgagee defendant, on motion therefor, is entitled to a bill of particulars to compel plaintiff to disclose the name of the wife of D., through whom he and the other defendants claim, and, if they claim through another D., to disclose the name of the wife of such other D., and other facts showing devolution of title.

Action by James W. Drake against Austin Drake and others to partition real estate. On motion for a bill of particulars to compel plaintiff to show source of title. Granted.

Bilger & Nixon, for plaintiff.
James E. Carpenter, for defendant Lawrence Drake.

LEVENTRITT, J. The action is in partition, the complaint containing the customary allegations. One of the defendants—Mary Halpern—is alleged to be seised and possessed in her own right of an estate in fee simple of an undivided one-fourth interest in the premises sought to be partitioned, and that this interest is incumbered by a mortgage in the sum of $8,000, made by the defendant Mary Halpern to the defendant Charles A. Peabody, Jr. The latter, who is the moving party on this application, avers that on the date of the execution of the mortgage the defendant Mary Halpern had, according to the records in the office of the register of this county, in which the property is situated, not merely an undivided one-fourth interest, but a perfect, indefeasible title in fee simple to the whole of the premises, derived through one Thomas Drake, who died in the year 1800, and that the records in the register's office and the surrogate's court of this county fail to disclose any interest in the premises either in the plaintiff or in any of the defendants named other than Mary Halpern. The complaint contains no reference to the source of the title claimed by the plaintiff to be in him and the defendants. The defendant Peabody, the mortgagee, moves for a bill of particulars to compel disclosure of that source of title. The plaintiff concedes that the mortgagee is entitled to know whether the plaintiff claims to have derived his title as an heir at law of Thomas Drake, whether the plaintiff claims "any source of title other than directly as an heir at law," and, if so, what is the source of that title; but in that event he refuses to divulge "the name of the wife of Thomas Drake by whom the plaintiff or his ancestors, as the case may be, claims to have descended from said Thomas Drake." The plaintiff also concedes that the mortgagee is entitled to know whether the plaintiff claims as an heir at law of a Thomas Drake other than the one referred to, and when and how he derived his title to the premises; but again he refuses to divulge the

name of the wife of that Thomas Drake and other facts showing devolution of title. The propriety of a bill of particulars in actions involving proof of title to real property has been specifically upheld. Stevens v. Webb, 12 Daly, 88; Saunders v. Duke of Newcastle, 7 Term R. 332, note. The object of a bill here, as in all cases, is to avoid surprise at the trial from the generality of the pleading. Ordinarily, in an action of this kind, the proof of the title in the plaintiff and the tenants in common would be matter of record. On very substantial affidavits it appears that the record title shows an estate in fee simple in the defendant Mary Halpern. If the plaintiff and the other defendants claim through a prior wife of the Thomas Drake referred to in the complaint, or as issue of the marriage of another Thomas Drake, they should be compelled to disclose the name of the wife in each instance. Lewis v. Joiner, 5 N. Y. St. Rep. 301; Palmer v. Palmer [1892] 1 Q. B. 319. This is not asking for their proof. It is asking merely for the link of relationship by which the claimants are constituted heirs, not for the facts to prove the validity of those links. The marriage of Thomas Drake is, in each instance, the material link in the chain. In Lewis v. Joiner, supra, in an action for the partition of real estate, a defendant in possession, without any title of record, claimed an estate in fee simple, derived from a deceased former owner, as against the heirs at law, resting their rights upon documentary evidence supplied by the records of the county where the property was situated and where the decedent died. The defendant was compelled to furnish detailed information as to the source of her title. In Palmer v. Palmer, supra, which was an action for the recovery of land, the queen's bench held that an allegation by the plaintiff that he was heir at law was insufficient, and that he should be compelled to specify the person through whom he derived his heirship. There is no distinction in principle between those cases and the one at bar. The motion is in all respects granted. As no written demand was made prior to the making of this application, no costs will be awarded.

Motion granted, without costs.