(40 Misc. Rep. 688.)

LESTER et al. v. CLARKE.

(Supreme Court, Appellate Term. May, 1903.)

1. PLEADING AND PROOF—BILL OF PARTICULARS—ADMISSIBILITY OF EVIDENCE.
    Where plaintiff's bill of particulars alleged that a contract and its breach were evidenced by specified letters from defendant to plaintiff or his attorney and from the attorney to defendant, another letter from defendant to plaintiff was inadmissible in evidence, the bill of particulars restricting the proof to the matters set forth therein.

¶ 1. See Pleading, vol. 39, Cent. Dig. § 1299.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by James F. Lester and others against James Wheaton Clarke. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

Jones & McCormick, for appellant.

Frederick W. Thompson, for respondents.

FREEDMAN, P. J. There have been two trials in this action, which arose out of the following transaction: According to plaintiffs' testimony, in February, 1896, the defendant came to the plaintiffs' warerooms in company with one Lena C. Hubbard, and, after introducing her to plaintiffs stated that she wanted to buy some furniture, that she could not pay for it all at that time, but that she was good, and that, "if for any unforeseen reasons she could not pay her debts, he would stand back of her and pay her bill." Miss Hubbard purchased a bill of goods at that time, and from time to time subsequent thereto, until her purchases amounted to the sum of $371.38, of which she paid $196.38. On October 12, 1900, plaintiffs sued Miss Hubbard and obtained a judgment against her for $277.16, being the amount of their claim, with interest and costs. Being unable to collect the judgment, and claiming that the defendant was liable to them on the alleged guaranty made by him, the plaintiffs in March, 1901, began suit against the defendant to recover the amount due them. Upon that trial the plaintiffs offered, and it was received in evidence, a letter from defendant to the plaintiffs, which the plaintiffs claimed was a memorandum sufficient to take the case out of the inhibition of the statute of frauds, and to render the defendant liable for the debt of Miss Hubbard. Upon appeal to this court, it was held, Justice Greenbaum writing the opinion, that there was no evidence that said letter, which was dated January 27, 1897, was written by the defendant or authorized by him, and the judgment was therefore reversed and a new trial ordered.

Upon the new trial, from the judgment from which this appeal is taken, the plaintiffs amended their complaint, setting forth two alleged causes of action: The first averred a sale on February 26, 1896, of goods to Miss Hubbard upon the alleged guaranty of the defendant, the amount, etc., the failure to pay, the obtaining judgment against Miss Hubbard, and a demand upon and a refusal to pay said judgment by defendant. The second cause of action alleged "that on November 21, 1900, the defendant agreed to furnish the plaintiffs a sufficient number of Rex Fire Extinguishers at the price of $11 each to satisfy said Hubbard judgment, and that in consideration thereof the plaintiffs agreed to accept said extinguishers in satisfaction of said judgment, and to refrain from further proceedings to collect the same, and to release the guarantor or joint debtor." It further alleges the refusal and neglect of the defendant to deliver said extinguishers, and claimed judgment, etc. The defendant pleaded a general denial and the statute of frauds as a defense.

Upon the present trial the plaintiffs made no attempt to prove any written guaranty made by the defendant regarding the sale of the goods to Miss Hubbard in February, 1896, and testified that upon that occasion defendant signed no memorandum in writing stating that he would be accountable for the debt contracted by Miss Hubbard. In their bill of particulars filed herein the plaintiffs allege that the contract claimed and its breach, upon which this action is brought, is evidenced by: (1) A letter from defendant to plaintiffs, dated May 23, 1900—copy in defendant's possession; (2) a letter from Frederick W. Thompson (plaintiffs' attorney) to defendant, dated November 15, 1900—original in defendant's possession; (3) a letter from defendant to Thompson, dated November 21, 1900—copy in possession of defendant; (4) a letter from Thompson to defendant, dated November 23, 1900—original in defendant's possession; and by parol evidence of a conversation between the defendant and plaintiffs on February 28, 1896.

As to the first cause of action set up in the complaint, as before stated, the plaintiffs made no attempt to prove any written guaranty on the part of the defendant, and gave no testimony relative thereto, except oral statements made by the defendant at the time of the sale to Miss Hubbard. The letter of November 21, 1900, which is the basis for the second cause of action set up therein and also set forth in the bill of particulars was not produced on the trial by the plaintiffs, and, when the defendant offered a copy of such letter, as showing the exact nature of the transaction between the parties subsequent to the sale of the goods to Miss Hubbard, the plaintiffs' attorney objected to its introduction, and the court excluded it. The plaintiffs were allowed, however, over the objection and exception of the defendant, to introduce in evidence a letter from the defendant to the plaintiffs, dated September 24, 1900, containing statements which the plaintiffs claim constitute a guaranty on the part of the defendant sufficient to take the case out of the statute of frauds, and render the defendant liable thereon for the debt previously contracted by Miss Hubbard. They rely upon this exhibit, which was not referred to in their bill of items, and which is evidently one of a series of letters regarding a proposed settlement of the matters in difference between the parties long subsequent to the time of the transaction, as the grounds for their whole cause of action against the defendant; and by their objection exclude another letter which they expressly stated in the bill of particulars to the defendant was the one by which they intended to establish the liability of defendant. The admission of the letter of September 24, 1900, even assuming, but not deciding, that it constituted a cause of action against the defendant, was, under the circumstances, reversible error. The office of a bill of particulars is to apprise one party of the items which the other expects to prove, and to limit the recovery thereto. Matthews v. Hubbard, 47 N. Y. 428. It has the effect to restrict the proofs and limit the recovery to matters set forth in it. Melvin v. Wood, *42 N. Y. 533, 4 Abb. Prac. (N. S.) 438; Stevens v. Webb, 12 Daly, 88.

The plaintiffs also fail to sustain their cause of action for another reason. As before stated, they made no claim or offered proof as to

·there being any evidence creating defendant's liability under the first
:alleged cause of action at the time of the transaction.   In the alleged
·second cause of action they set up a promise on November 21, 1900,
·on the part of the defendant, to pay the judgment of Miss Hubbard,
.and allege, as a consideration for such promise, an agreement on
their part to forbear and refrain from further proceedings to collect
·said judgment, and to release the defendant from all claims against
him as guarantor or joint debtor in the account in which said judg-
-ment was rendered.   Nothing of this kind was shown.   No promise
·to pay any judgment nor promise to forbear its collection was proven,
·nor any release nor offer to release was shown.   Judgment reversed.
.New trial ordered, with costs to the appellant to abide the event.

Judgment reversed.   New trial ordered, with costs to appellant to
:abide event.   All concur.