### RYCKMAN and another *against* HAIGHT.

The plaintiff, in the bill of particulars of his demand, is not obliged to state the cre-dits, or pay-ments made by the defendant. THIS was an action of *assumpsit*, for work and labour, and materials found, and goods sold and delivered, and the declaration also contained the usual money counts.

*B. Haight*, for the defendant, moved for judgment as in case of *non pros*, on the ground that the plaintiffs had not furnished to the defendant a bill of the particulars of their demand, pursuant to the order of the recorder of *New-York*, for that purpose. (*Fleurot* v. *Durand*, 14 *Johns. Rep.* 329.)

*Wilson*, contra, read an affidavit, stating that the plaintiffs were ready to deliver to the defendant a bill of the particu-lars of their demand; but to enable them to state the *credits* with accuracy, they had applied to the defendants for an *account of the moneys* he had paid to them, which he had refused to give.  He stated, on the authority of the case of *Adlington* v. *Appleton*, (2 *Campb. N. P. Cas.* 410.) that un-less the plaintiffs could also state the credits, so as to show the precise balance claimed by the plaintiffs, it would not be a compliance with the judge's order; yet the plaintiffs were ready to give the particulars of the debit side of their account; and of the credits, so far as they were known.

*Per Curiam.*  The practice of this court is merely to compel the plaintiff to specify the particulars of his de-mand.  We consider the bill of particulars as an amplification of the counts in the declaration.  The defendant must know, as well as the plaintiffs, what sums he has paid, and

if he is furnished with the debit side of the account, he can readily ascertain the balance claimed.

The defendant must take his rule, that the plaintiffs furnish a bill of the particulars of their demand, exclusive of credits for payments by the defendant, in ten days, or that a judgment of *non pros* be entered.

Rule accordingly.