ALBANY,
October, 1823.

BREWSTER
v.
SACKETT.

———————

BREWSTER *against* SACKETT.

A DECLARATION, containing the general counts in assumpsit, having, on the 30*th May* last, been served upon the agent of the defendant's attorney, he, on affidavit of this fact, obtained the following order for a bill of particulars:

"Let the plaintiff in the above entitled cause furnish to the defendant, or his attorney, without delay, a bill of particulars of the demand upon which the above suit is founded; and in the mean time let all proceedings be stayed on the part of the plaintiff, and let the defendant have the same length of time to plead after the service of the said bill of particulars as he now hath. Dated *June 2d*, 1823.

*G. Powers*, first Judge of *Cayuga* Common Pleas, and Counsellor, &c."

An order to deliver a bill of particulars should be, that the plaintiff deliver one at a given day, or then shew cause why he has not done so. If no good cause is shewn, the order becomes absolute, and the defendant may then move for a *non pros*, if no bill be delivered.

On the 4th of June last, this order was served on the agent of the plaintiff's attorney. On the 7th of October, inst. the plaintiff's attorney had not received a bill pursuant to this order; and a motion was now made that the plaintiff be non-prossed.

F. G. Jewett, for the defendant.

M. Hoffman, contra.

Curia. The defendant proceeded irregularly. The order for a bill of particulars should have been, that a bill be furnished by the plaintiff, at a certain day; or that he then shew cause why he had not furnished it. No good cause being shewn, the order would have become absolute, and the defendant might have moved for a non-pros, on a default to deliver the bill upon the absolute order.

Motion denied.(a)

(a) In all actions in which the plaintiff declares generally, without specifying the particulars of his cause of action, a Judge, upon application, will order him to give the defendant the particulars in writing, and that all proceedings be ·stayed in the mean time, as in actions for work and labour, goods sold and delivered, and the like; and in debt on bond, conditioned for the performance of covenants, or to indemnify, the order may be for a particular of the breaches. (Tidd, 534.) So in an action by vendee against vendor, where it was stated in the declaration, that the abstract of title delivered, was " insufficient, defective and objectionable," the Court obliged the plaintiff to give a particular of all objections to the abstract arising upon matters of fact. (3 B. & P. 246.) So in an action by vendee, to recover back his deposit, because the conditions of sale had not been complied with, the defendant may have a particular of the grounds on which the plaintiff seeks to recover. (1 Campb. 293.) In ejectment, the defendant may, if he doubts as to the lands, have a particular of the premises; (7 T. R. 332, n.) or, if the ejectment is for a forfeiture, he may have a particular of the covenants and breaches on which the plaintiff means to go for a forfeiture. (6 T. R. 597.)
The plaintiff may compel the defendant to give a particular of his set off; and if not delivered by the time allowed in the order, he cannot give evidence of his set off on the trial. (2 Archbold, 197. 3 John. 248.) But where the order was to deliver forthwith, and the bill was not delivered till ten days after the service of the order; held, that the plaintiff could not wait till the trial, and then object that the delivery was not forthwith, as required, but should have objected before. (1 Holt's Rep. 552.)

The form of the order with us seems to be this:

*Order in behalf of the defendant.* " Let the plaintiff's attorney deliver to the defendant's attorney, an account, in writing, of the particulars of the plaintiff's demand, for which this action is brought, by the —— day of ——— at — o'clock, —— or shew cause at that time, at my chambers at —— why he should not deliver such account; and in the mean time, let all further proceedings in this cause be stayed."

Let this be served; on affidavit of which, and that the bill is not yet delivered, the Judge will, if no good cause be shown, order thus:

" Let the plaintiff's attorney deliver to the defendant's attorney, an account, in writing, of the particulars of the plaintiff's demand, for which this action is brought; and, in the mean time, let all further proceedings in this cause be stayed." (Vid. *Dunl. Pract.* 403. 2 *Archbold*, 198.)

*Order in behalf of the plaintiff.* " Let the defendant's attorney deliver to the plantiff's attorney, an account, in writing, of the particulars of the defendant's demand, which he has given notice that he will set off in this cause, by the —— day of —— at —— o'clock, —— or show cause at that time, at my chambers, at ———, why he should not deliver such account, or, in default of doing so, why he should not be precluded from giving evidence at the trial in support of his said notice of set off; and in the mean time, let all further proceedings in this cause be stayed."

On proof of service, and that no bill is delivered at the day, the order is thus:

" Let the defendant's attorney deliver to the plaintiff's attorney, an account, in writing, of the particulars of the defendant's demand, which he has given notice that he will set off in this cause, within 20 days; or, in default thereof, ordered, that the defendant be precluded from giving evidence at the trial in support of his said notice of set off." (Vid. 3 *John.* 248. *Dunl. Pract.* 404. 2 *Archbold*, 198. 1 *Holt's, N P Rep.* 552.)

In ejectment, the order is, that &c. " do deliver to the defendant's attorney, the particulars of the premises, for which this ejectment is brought," &c.

Further as to these forms, see *Tidd's Forms*, 168, *s.* 3, 4; the like in ejectment, *id.* 691, *s.* 42; *id. adapted to this state, by Mr. Caines*, 151, *s.* 3, 4. 475, *s.* 42.

The form of a particular in ejectment is thus: " I do hereby give you notice, that this ejectment is brought for the recovery of ——— messuages, &c. with the appurtenances, situate in the town of, &c. in the county of, &c. Dated, &c. Yours, &c. —— att'y for pl'ff." (*Id.* 476, *s.* 43.) *Tidd and Caines* go upon the *English* form by summons and order.

*How obtained.* This must be on affidavit, shewing the necessity of it; (19 *John.* 268.) By the defendant, it is usually obtained before plea pleaded; although it is discretionary with the Judge, to make an order at any time before the trial, whether the application be made by the plaintiff or defendant (2 *Archbold*, 198.) It was decided in 1 *B. & P.* 378, that a defendant cannot demand a bill till after appearance, but it was lately decided otherwise in the *K. B.* (1 *Chit. Rep.* 725.) He cannot make the demand before declaration. (1 *Chit. Rep.* 725, *n.*)

ALBANY, October, 1823.

BREWSTER v. SACKETT.

ALBANY,　　　　The party thus ordered to give a bill of particulars, should make it out
October, 1823. forthwith, and deliver it to the opposite attorney. (2 *Archbold*, 198. *See the*
*form, Tidd's Forms*, 169, *s.* 4, *a.* 170, *s.* 4, *d.*) If money have been paid on ac-
BREWSTER　count, the bill of particulars should specify it, and state the balance for which
v.　　　　the plaintiff seeks to recover. (1 *Esp. Rep.* 280. *See* 2 *id.* 602.) It is deci-
SACKETT. ded in 2 *Campb. Rep* 440, that stating the debtor side of the account, only,
would be considered a contempt, for which the attorney would probably
be ordered to pay the costs of both parties ; but in this state, it is not neces-
sary to set forth credits or payments made by the opposite party. (15
*John.* 222.) Delivering a particular as general as a declaration, would
probably be a contempt of the order, and subject the attorney to costs.
(*See* 1 *Taunt.* 353.) There is no objection, however, when an account
has already been delivered, to refer to it generally in the bill of particu-
lars, without re-stating the items of it. (*Peake's Cas.* 172.) If the bill
of particulars be incorrect, the party who delivered it may have leave to
amend it ; or, if not sufficiently explicit, the other party may take out a
summons, and obtain an order for further particulars. (*Tidd*, 528. *See*
1 *Campb.* 69, *n.* 2 *Taunt.* 224. 4 *id.* 189. 1 *Starkie*, 224.) And this is
the only proper mode of correcting the insufficiency ; for the party cannot
wait till the trial, and then object. (*Holt's N. P. Rep* 552.) The English
practice gives the defendant the same time to plead, after the delivery of
the bill of particulars, as he had when the summons for it was attendable.
(13 *East*, 508. *See* 2 *B.* & *P.* 363. 5 *id.* 361.) In this state, he has the
same time after the delivery, as he had when the order was granted. (1
*Dunl. Pr.* 405.)

　　At the trial, the particulars of the plaintiff's demand, or of the defendant's
set off, if delivered, are considered as incorporated with the declaration,
plea or notice, (14 *John.* 329 ; 15 *id.* 222 ;) and on production of the order,
and proof of their delivery, the parties are not allowed to give any evi-
dence out of them. (1 *Camp.* 69. *Peake's Cas.* 172. 3 *Esp. Rep.* 168.
2 *B.* & *P.* 243.) Thus, where the bill stated the plaintiff's demand to be
for goods sold and delivered to the defendant, the plaintiff was not al-
lowed, at the trial, to give evidence of goods sold *by* the defendant, as
agent for the plaintiff (2 *B.* & *P.* 243. 3 *Esp. Rep.* 168.) So where
the plaintiff's particular stated various sums of money due by the defen-
dant, but some of which were, in fact, owing from the defendant and his
partner, and not from the defendant alone, and the defendant pleaded
the non-joinder in abatement, the plaintiff was not allowed to give evi-
dence of those due from the defendant, solely, because they were not dis-
tinguished from the others in the bill of particulars. (1 *Esp. Rep.* 452.
2 *Sellon*, 339.) As the object, however, of this strictness, is, that the op-
posite party may know what will be attempted to be proved against him
at the trial, and may prepare his evidence accordingly, a mistake in the
particular, not calculated to deceive or mislead him, will not be deemed
material. Thus, an error in the date of one of the items, was holden to
be immaterial, because it could not have misled the defendant. (2 *Taunt.*
224.) So where a payment, made on account of the defendant, to A, was
stated, in the particular, to have been made to B, Ld. *Ellenborough* said

he should hold it to be immaterial, unless the defendant would make affidavit that he was misled by the particular. (1 *Campb* 69, *n.*) So where, in debt for rent, the plaintiff, in his particular, described the premises as being in a different parish from that in which they were really situate, the Court held the mistake to be immaterial, as the defendant could not have been misled by it. (3 *M. & S* 380.) Although the plaintiff is confined, in his proof, to the items contained in his bill, yet if it appear, from the defendant's evidence, that he is entitled to recover for items not included in the bill, he shall recover for such items. (1 *Campb* 68   *See* 3 *Taunt.* 285. 2 *B. & P.* 243.) But an admission, in the defendant's particular, of set off, cannot be used by the plaintiff, as evidence in support of his claim—he must produce other evidence of it. (5 *Taunt.* 228.)

An order for a bill of particulars does not stay proceedings till served on the opposite party. (1 *Chit. Rep.* 647.) But this order, when properly served on the plaintiff, was holden to stay proceedings, so as to prevent his signing judgment, although the action was brought for an assault, and no particulars can properly be demanded in that form of action. (*Id.* 725.)