ALBANY,
Feb. 1827.

Webster
v.
Schuyler.

WEBSTER and others, survivors of Webster, *against* SCHUYLER.

A bill of particulars voluntarily furnished, on request, without a judge's order, will not, *per se,* operate to enlarge the time for pleading.

THE declaration, containing general counts in assumpsit, was served on the agent of the defendant's attorney, on the 1*st* of *November*, 1826.   The defendant's attorney wrote to the plaintiff's attorney, requesting a statement of their demand ; which was furnished to the defendant's attorney, on the 15*th* of the same *November*.   On the 12*th* of *December* following, the 40 days for pleading having expired, the defendant's default for not pleading was entered.   The defendant's attorney served pleas on the agent  of the plaintiffs' attorney on the next day, (*December* 13*th*.)   He disregarded the pleas, and proceeded to execute a writ of inquiry.   The defendant made an affidavit of merits.   On these facts,

A motion was now made to set aside the default, and all subsequent proceedings, for irregularity ; on the ground that the bill of particulars demanded and furnished, though voluntary, had effect to enlarge the time  for pleading, the same as if it  had been obtained under a judge's order.   If not, then the motion was put on the ground of merits.

*W. Talmage*, for the defendant.

*M. H. Webster*, for the plaintiffs.

*Curia.*   A voluntary bill of particulars, will not, without a stipulation to that effect, enlarge the time to plead. The plaintiffs were, therefore, regular.   But, as there is an affidavit of merits, let the default be set aside, on payment of costs.

Rule accordingly.