## SUPREME COURT.

### HAMILTON LITTLEFIELD agt. HENRY G. MURIN.

After the lapse of a reasonable time for the service of the copy of complaint, after demand pursuant to section 130, if not served, the defendant may move for judgment, dismissing the plaintiff's complaint. Analogous to the old practice for judgment of *non pros.* for non-service of a bill of particulars.

In such cases the complaint may also be dismissed under section 274 of the code, for the neglect of the plaintiff to proceed in the cause, pursuant to statute, against the defendant served with the summons.

*It seems,* that *twenty-four hours* after such demand may generally be considered a reasonable time.

*Jefferson Special Term, December,* 1849.—Motion by defendant for an order or judgment dismissing the plaintiff's complaint in the nature of a judgment of *non pros.* on account of the non-service of a copy of the complaint. The action was commenced by the service of summons, without the complaint, on the 18th of August last. On the 23d of August, the defendant, by his attorney, demanded a copy of the complaint, and a copy not having been served in pursuance of the demand, this motion is now made.

C. D. WRIGHT, *for defendant.*

D. H. MARSH, *for plaintiff.*

ALLEN, Justice.—By the present code, an action may be commenced by the service of a summons, without a copy of the complaint, and in that case, if the defendant, within ten days after the service of the summons,

demand in writing a copy of the complaint, specifying a place within the state where it may be served, a copy thereof shall be served accordingly, (Code, § 130.) There is no time prescribed by the act within which the copy complaint must be served, and it must therefore be served within a reasonable time. In analogy to the practice upon a peremptory order for a bill of particulars under the former system, which did not prescribe a time within which the bill should be furnished, the copy complaint should be served instanter, (*Harman* v. *Glover*, 10 W., p. 617 ;) and instanter, under the former practice and rules, meant within twenty-four hours, (*Ib.* Rule 50 of 1847.) But the latter clause of rule 59, which defined "instanter," has been omitted in the last revision of the rules. Perhaps, in ordinary cases, twenty-four hours after the service of the demand, would be a reasonable time for the service of a copy of the complaint, as it is presumed to have been made out at the time of the service of the summons, but if not, or for any other good reason, a complaint cannot be served within a time which in ordinary cases would be considered reasonable, further time for its service can be granted under the provisions of section 405 of the code. In this case, the plaintiff has omitted to serve the complaint from August to December, so that the question of what should be held a reasonable time does not arise. The last rule of this court, adopted in August, provides that in cases where no provision is made by statute or those rules, the proceedings in this court shall be according to the customary practice as it had theretofore existed in cases not provided for by the statute, or the written rules of the court, (Rule 92.) By that practice, after the lapse of a reasonable time for the service of the copy of the complaint, the defendant should be permitted to move for judgment dismissing the plaintiff's complaint. This is equivalent to a motion for judgment of *non pros.* under the former practice for the non-service of a bill of particulars, (*May* v. *Richardson*, 4 Cow. Rep. 56; *Seymour* v. *Craw*, 5 Cow. 279; *Brewster* v. *Sackett*, 1 Cow. 571.) The complaint may also be dismissed in a case like the present, under section 274 of the code, for the neglect of the plaintiff to proceed in the cause against the defendant served with the summons. An omission to serve a copy of the complaint, in pursuance of the requirements of the statute, is an unreasonable neglect on the part of the plaintiff to proceed in the cause.

It is contended by the plaintiff, 1st, that the defendant's remedy is under rules 14 and 18 of this court, adopted in 1847, by requiring the plaintiff to serve a copy of his complaint within thirty days, and upon default to enter judgment of discontinuance. But those rules were abolished by section 470 of the code, and were not continued by the 92d

rule of August last, that rule expressly excepting from its operation cases provided for by statute or the written rules of the court; and 2d, that his remedy is to procure an order from a judge that the complaint be filed in pursuance of section 416 of the code. But (1) that section only applies, in terms, to process and pleadings which have been served, and the complaint in this action has never been served. (2) If by a liberal construction of the section, it should be held to include a complaint which had not been served, still, the only consequence of an omission to file it in pursuance of an order, is, that the complaint shall be deemed abandoned. The defendant does not recover a judgment, or get his costs of the defence. The action must be proceeded with in some other form to enable him to obtain all the relief to which he is entitled. And (3) it is no answer to the positive requirements of the act, that the complaint shall be served, to say to the defendant that he can compel the plaintiff, under another provision, to file his complaint or abandon it, and if he files it a copy can be procured from the clerk. An order must be entered, dismissing the complaint with costs, including $10 costs of this motion, unless the plaintiff within ten days after service of a copy of the rule, serve upon the defendant's attorney a copy of the complaint in this cause, and if such copy is served, then in case the defendant finally succeeds in the action, he is to receive as a part of the costs of the cause, $10 costs of this motion.