## WILLIAMS *a.* SHAW.

*Supreme Court, First District; Special Term, February,* 1857.

### BILL OF PARTICULARS.—CREDITS.

A plaintiff is not bound, in giving a bill of particulars, to furnish particulars of offsets, or payments, with which he has volunteered to credit defendant in his complaint.

Motion for a further bill of particulars.

The complaint in this action, which was by Francis V. Williams against James L. Shaw, alleged the sale and delivery to the defendant, at various times during the year 1850, of building materials and foundation stone of the value $1,492.41; and that during the year 1850, and subsequent thereto, defendant made various payments for and on account of said stone, &c.; and that after deducting such payments, there was still a balance due to the plaintiff, for which he claimed judgment.

The defendant demanded " a copy of the account alleged in the complaint, and a bill of particulars of plaintiff's claim, &c."

The plaintiff furnished a long bill, containing the amounts of stone delivered, specifying the houses for which they were used; but did not give the precise dates of such deliveries—mentioning only the months and year.

The defendant now moved for a further bill of particulars and account. An affidavit of the plaintiff was read in opposition to the motion, to show that it was not in his power to state the *dates* of the transactions with greater particularity than he had done.

*Larocque & Barlow,* for the motion, contended that the dates of delivery should be given with particularity; and that an

---

interest of the owner in the land, to the extent of the right of the owner at the time of the filing of the notice of lien. Section 4 provides that such sale shall be made subject to any prior lien existing thereon. It is not necessary to sell subject to mortgages or other incumbrances; because if the sale is properly made of only the defendant's interest, such sale must be subject to the rights and interests of any other person in the premises.

The motion must on this account be denied, and a re-sale of the plaintiff's interest ordered.

account of the various payments made by the defendant, and referred to in the complaint, should also be given.

*Frederick G. Burnham* opposed.—I. The bill already served states, with sufficient particularity, the amounts, dates, &c., of the delivery of the stone. (Brown *v.* Williams, 4 *Wend.*, 360; Humphrey *v.* Cortelyou, 4 *Cow.*, 54; *Graham's Pr.*, 517.)

II. The plaintiff, in his bill of particulars, need not state the credits or payments made to him by defendant. The English rule requires this; but the rule in this State is different. (Ryckman *v.* Haight, 15 *Johns.*, 221; Gay *v.* Cary, 9 *Cow.*, 45; *Graham's Pr.*, 514.)

PEABODY, J.—Plaintiff is not bound to furnish particulars of set-offs or payments by defendant, with which he volunteers to credit him in his complaint. As to particulars of plaintiff's claim, he swears he has given them as fully as he can, and all he has of them; and though they are somewhat vague, perhaps nothing more can be required of him.

The motion for further particulars, in both its branches, must be denied; but without costs.