## BENEDICT *v.* SWAIN.

A specification may be filed on leave given to the plaintiff, or by order of court on motion of the defendant. When so filed it becomes a part of the declaration, and can not be withdrawn without an order of court.

The general rule which provides that the signatures of instruments declared on shall be deemed admitted, unless the defendant gives notice within the first four days of the first term that they are disputed, has no application where a note is offered under a specification, in support of a general count.

In such a case a special rule may be made, that the signature of an instrument described in a specification shall be admitted, unless notice is given that it is denied, in the time and manner prescribed by the rule.

In ASSUMPSIT, the plaintiff's writ, dated July 16, 1860, contained a count for money had and received, $100.

On the last day but one of the first term, the plaintiff placed on file a specification, as appeared by an entry on the docket. This specification described a promissory note of the defendant as follows :

"BOSTON, Nov. 16, 1854.

$57.55. On demand, after date, I promise to pay to the order of Roberts & Farwells fifty-seven dollars fifty-five cents, payable at ————. Value received.          DANIEL SWAIN, Dover."

Indorsed " without recourse as indorsers."

"ROBERTS & FARWELLS."

One of the defendant's counsel had taken the specification from the files before the commencement of this term. The cause came on for trial on Wednesday of the third week of this term. The plaintiff proposed to read to the jury the note mentioned in the specification, without first offering any evidence to prove the signatures of the note. The defendant objected, and insisted that the plaintiff, not having declared upon the note, was bound to prove its execution. The objection was overruled, and the plaintiff was permitted to read the note to the jury. The defendant excepted to

the ruling and proposed to offer evidence to show that the signatures were not genuine. The plaintiff objected, that he had had no previous notice by entry on the docket, affidavit, or other writing, that the signature was to be denied. The court held the evidence inadmissible, and the defendant excepted. A verdict was rendered for the plaintiff, which the defendant moved to set aside.

*Wheeler & Hall*, for the plaintiff.

*Sawyer*, and *Wiggins*, for the defendant.

BELL, C. J. Specifications or bills of particulars are of the nature of amendments of the declaration. They become part of the record only by the allowance or order, actual or presumed, of the court. And such allowance or order will not, except in extraordinary cases, be made without notice to the other party. Tidd's Pr. 534 ; 3 Pick. 446 ; 1 Gray 469 ; 15 Pick. 331.

The defendant may apply to the court to order a specification in cases where, from the indefiniteness of the declaration, he is uncertain what claim in particular is designed to be insisted upon, and the court may order a specification to be filed forthwith, or at a specified time. And the specification being filed in pursuance of such order, becomes a part of the declaration and of the record, and may be treated as such in the pleadings. Tidd's Pr. 537 ; 14 Johns. 329 ; 15 Johns. 222 ; 1 Cow. 574, n. It then ceases to be under the control of the parties, and can not be withdrawn without leave of the court.

The plaintiff, if he thinks fit, may apply to the court for leave to file a specification, as he might do to file a new count, and upon such leave granted, and the specification filed, the case stands in the same position as if it were filed on the motion of the defendant.

If a specification is put on file, and offered to the defendant and accepted, or assented to by him, the leave of the court to file such specification may be presumed; but such acceptance or assent will not be inferred from slight circumstances, but only from such unequivocal acts or statements as would render it a fraud on the other party afterward to object to it.

A specification filed by leave or order of court, is from that time only part of the declaration, and if the cause of action stated is a promissory note, or other contract in writing, it is from that time an instrument declared on, and the plaintiff may, if he thinks proper, apply to the court for a special order, that unless the defendant give notice upon the docket within a certain time limited in the order, that the signatures or indorsements of such instruments are denied, and file his affidavit within that time, that the denial is not for the purpose of delay, such signatures and indorsements shall be thenceforth considered as admitted.

Such special order is necessary, because the general rule (No. 44) is in terms limited to cases where the defendant may give notice at the first term, and within the first four days of the term, that the signatures are disputed. It can have, of course, no application,

where the party can not comply with it, because no instrument is then declared on. 38 N. H. 591.

A plaintiff may file a specification without leave or order of court, or the acceptance or assent of the defendant, but it does not thereby become a part of the declaration, or of the record. It is a mere notice to the other side, which he may withdraw when he pleases, and will have no other effect than a notice addressed to the party himself. And upon any question as to the proof of signatures, it will be entirely without effect. *Webster* v. *Schuyler*, 6 Cow. 595.

That is the present case; the specification was filed by the plaintiff without an order or leave of the court, without an acceptance or assent by the defendant, and so far as appears, without any notice to him at the time, though it seems the defendant's counsel took it from the files during the ensuing vacation. And no order was asked for or made relative to the admission of the signatures. The defendant consequently was not bound to give notice of a denial of the signatures. And the instrument, therefore, remained to be proved, as if no such paper had been filed.

*New trial.*