Candee agt. Daying.

## "ORDER."

---

## N. Y. COMMON PLEAS.

### CANDEE agt. DAYING.

*Bills of particulars — When should contain itemized statement of credits as well as of debits — Code of Civil Procedure, section 531.*

Under section 531 of the Code of Civil Procedure, in an action on an accounting for goods sold and delivered, a bill of particulars should contain an itemized statement of credits as well as debits.

*Williams* agt. *Shaw* (4 *Abb. Pr.*, 209) disapproved of and the cases distinguished where the action is on account between the parties and where it is a claim of one party.

*Special Term, March,* 1884.

Marks agt. King.

BEACH, *J.* — Bills of particulars are of two kinds; one appertains to an account between parties, the other to a claim of one party. The rules governing the right to the one or other are different. *Giles* agt. *Betz* (15 *Abb. Pr.*, 285) refers to the latter, while *Williams* agt. *Shaw* (4 *Abb. Pr.*, 209) refers to the former, and is a special term decision. From the brief memorandum it seems to me the learned judge did not appreciate the difference between a bill of particulars of an account and one of a claim.

This action is to recover an indebtedness on an account for goods sold and delivered. Upon a demand, the plaintiff has furnished a bill of particulars of the account, itemizing only the debit side. In my opinion, an account should contain credits, if any, as well as debits. One class of items is no more a part of the account than the other (*Dowdney* agt. *Volkenning*, 37 *Sup. C. R.*, 313). The rule is different when the bill of particulars of a claim is ordered by the court.

Motion granted, ten dollars costs to abide event.