HENRY M. CASE, Respondent, *v.* ISAAC R. PHARIS, Appellant.

A bill of particulars, like a pleading, may be amended.

A plaintiff is not bound to furnish a statement of payments or off-sets which he has voluntarily credited, and where he has done so in such a manner as by mistake to have periled his right or made ambiguous his meaning, the allowance of an amendment striking out the statement is proper.

Plaintiff claimed to recover, among other things, for board furnished defendant; the latter answered denying the claim, and set up a counter-claim for board furnished by him to the plaintiff, who replied, denying the counter-claim. Plaintiff served a bill of particulars, which contained a charge against defendant for board and a credit to him for similar service of less amount. The trial was conducted by both parties upon the theory that the question of legal liability for board was an open one, and no objection was made by defendant to evidence offered to defeat his claim by plaintiff. The referee refused to allow either claim upon the ground that, while board was furnished as alleged, the relations of the parties were such that, in the absence of an express agreement, no promise to pay on either side could be implied. *Held*, that having reference to the form of the pleading and the issues raised, the credit given in plaintiff's bill of particulars was not a conclusive admission of legal liability to that amount; also, that if defendant had intended to rely upon the alleged admission, he should have raised the question on the trial when the bill might have been amended by striking out the credit; and, having failed so to do, he could not raise it on appeal.

(Argued May 9, 1887; decided June 7, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made January 29, 1885, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*Louis Marshall* for appellant. A bill of particulars is an amplication of the pleading to which it relates, and is to be construed as forming a part of it, and has the effect to restrict the proofs and to limit the recovery to the matters therein set forth. (*Mathews* v. *Hubbard*, 47 N. Y. 429; *Higenbotam* v. *Green*, 25 Hun, 216; *Bowman* v. *Earl*, 3 Duer, 694; *Melvin* v. *Wood*, 3 Keyes, 535, 536; *Brown* v. *Williams*, 4 Wend. 368; *Starkweather* v. *Kittle*, 17 id. 20; *Dwight* v. *Ger. L. Ins. Co.*, 84 N. Y. 506; *Gloss* v. *Clark*, 87 id. 276.) The party who explicitly admits by his pleading that which establishes the right of his opponent, will not be permitted to deny its existence, or to prove any state of facts inconsistent with that admission. (*Paige* v. *Willett*, 38 N. Y. 28; *Tell* v. *Beyer*, id. 161; *Fleischman* v. *Stern*, 90 id. 114; *Donovan* v. *Board of Education*, 55 How. 176; *Thomas* v. *Austin*, 4 Barb, 265; *Robbins* v. *Codman*, 4 E. D. Smith, 315; *Crosbie* v. *Leary*, 6 Bosw. 315; *Dunham* v. *Cudlipp*, 94 N. Y. 129; *White* v. *Smith*, 46 id. 418; *People* v. *Van Rensselaer*, 9 id. 291, 319; *Bride* v. *Payson*, 5 Sandf. Sup. Ct. 210; *Ballou* v. *Parsons*, 11 Hun, 602.) It is the duty of a party to an action to present a clear and unequivocal statement of his cause of action or defense, and when a material statement is susceptible of two meanings, the one most unfavorable to the pleader must be taken. (*Clark* v. *Dillon*, 97 N. Y. 370; *Bates* v. *Rosekrans*, 23 How. Pr. 98; *Moores* v. *Lehman*, 52 N. Y. Super. 283.) If the pleadings and bills of particulars in this action had been verified, the plaintiff could not have been convicted of perjury for interposing a constructive denial of liability for board and lodging in the reply, when, in his amplified complaint in the action, he

expressly admitted such liability. (*Clark* v. *Dillon*, 97 N. Y. 376.)

*Thomas Hogan* for respondent. The object of a trial is to do complete justice between the parties, and they both have an opportunity to be heard irrespective of any theories the parties may entertain when they file their pleadings. (*Muldowney* v. *Morris & Es. R. R. Co.*, 42 Hun, 447.) The defendant cannot take that portion of the bill of particulars which is favorable to himself and exclude the other portion. He must take the whole if he takes any ( *Vanderbilt* v. *Schreyer*, 21 Hun, 537, *Stuart* v. *Kissane*, 2 Barb. 494; *Craig* v. *Tappan*, 2 Sandf Ch. 78–85; *Goodyear* v. *De La Vargne*, 10 Hun, 537.) The effect of the bill of particulars is not as broad as claimed by the defendant. (*Putney* v, *Tyng*, 24 W. Dig. 344.) An objection to inconsistencies in allegations of a complaint cannot be reached by assignment of error questioning the sufficiency of the complaint in the Supreme Court; and after verdict and judgment in court below such objection will be regarded by Supreme Court as waived. (*Smith* v. *Freeman*, 71 Ind. 85; *Bass* v. *Smith*, 61 id. 72.) Where parties litigate the counter-claim contained in an answer, to which no reply has been served, the admission by failure to reply would be considered as waived. (*Randolph* v. *Mayor, etc.*, 63 How. 68.)

Finch, J. The pleadings in this case were very general in their form. The complaint alleged, among other things, that the defendant was indebted to the plaintiff for board furnished, to which the former answered by a denial, putting the claim at issue. The defendant further answered by setting up a counter-claim for board furnished by him to the plaintiff, to which the latter replied with a denial. On this state of the pleadings, if nothing else had occurred, either party would have been at liberty, as against the other, to have resisted his adversary's claim for board upon the ground that the relations between the parties, as father-in-law and son-in-law, and the

attendant circumstances were such as to negative any implied contracts to pay for board and require for success proof of an express agreement to pay; and if that defense failed, then to establish the amount and value of the board furnished. The two positions were not necessarily inconsistent. It might turn out in favor of either party that, while there was no implied contract, there was yet an express agreement to pay on one side and not on the other, and so, respectively, each party could insist upon his own claim while denying his adversary's, and neither conceded an implied contract by asserting his own right of action. But at some time each party furnished to the other a bill of particulars, and upon that served by the plaintiff the question arises argued on this appeal. It contained a charge against the defendant for board, and a credit allowed him for similar service of a less amount; and that credit, it is claimed, admits that for board to some amount the defendant was entitled to be paid; and so the referee erred in refusing wholly an allowance for that item, and on both sides, upon the ground that in the absence of an express agreement the circumstances repelled an implied one. We are now reminded that a bill of particulars is to be deemed an amplification of the pleadings and that similar admissions have been held to be sufficient basis for a judgment. It may be that the credit here given was an admission of the fact that board to the amount stated was furnished by the defendant to the plaintiff, but we do not think, having reference to the form of the pleadings and the issues raised by them, that the credit is a conclusive admission of legal liability to that amount. It is impossible to harmonize such a liability with the denials of the answer and reply, and, therefore, I think the bill of particulars must be construed to contain only a conditional or contingent admission framed to operate in a possible emergency. As no item could be proved on the trial ordinarily, unless embraced in the bill, it became necessary to name in that every charge which upon any theory at the trial might become admissible; and so the plaintiff while resisting the defendant's claim upon a ground equally fatal to his own might guard

against the possible failure of that resistance by pleading and itemizing his own charge for board as in excess of the defendant's, and the credit given is in connection with the charge made and upon the theory that both charge and credit may by possibility prove to be a legal liability. The admission fairly requires to be treated as a concession of the fact that board had been furnished but does not waive the right claimed by the denial on each side of contesting a resultant liability flowing from the fact admitted. It is as if the plaintiff had said — board was furnished, so much by me and so much by my adversary, but I deny that either, for a reason which affects. both, is a legal charge ; yet if mine is allowed it amounts to so much, and I will prove it at that, while my adversary's is the less sum which in that event I admit. If this was hypothetical pleading, or the theories were in one view inconsistent, it is further to be observed that no objection was made upon the trial in any manner raising the question. The trial went from its beginning to its end upon an assumption that the question of legal liability for board was an open one on each side, and if defendant held the contrary he should have objected to the evidence offered to defeat his claim and relied upon the alleged admission. The attention of the referee would then have been called to it, and he could have ruled upon it and possibly the plaintiff might then have sought leave to amend, and obtained permission to strike out the credit as made under a mistake as to its effect and construction. A bill of particulars,. like a pleading, may be amended. (*Melvin* v. *Wood*, 3 Keyes, 533.) And when the amendment sought is to strike out what is unessential to the bill and a needless addition, leaving the plaintiff's side of the account unchanged, it would seem quite possible to permit it. It is not the office of a bill of particulars. to furnish a defendant with facts whereon to found an affirmative defense in his behalf. (*Drake* v. *Thayer*, 5 Robt. 694.) A plaintiff is not bound to furnish a statement of payments. or offsets which he has voluntarily credited. (*Ryckman* v. *Haight*, 15 Johns. 222 ; *Williams* v. *Shaw*, 4 Abb. Pr. 209.) Where he has done so in such manner as by mistake to have

perilled his right or made ambiguous his meaning an amendment allowed would not be an unwarranted discretion.   But in this case the defendant went to judgment without once relying upon the alleged admission, or drawing attention to it, or claiming anything under it.   He sees the evidence which defeats it offered and given in silence, and not until the decision is made, when opportunity for amendment is gone, does he raise the point.   We think that is too late and furnishes no just ground for a reversal of the conclusion reached.

The judgment should be affirmed with costs.

All concur, except RUGER, Ch. J., not voting.

Judgment affirmed.