48   149
15ap623

GEORGE H. BALL, APPELLANT, *v.* THE EVENING POST PUBLISHING COMPANY, RESPONDENT.

*Order for the examination of a party before trial — to obtain information necessary to enable a defendant to furnish a bill of particulars.*

It is within the power of the court, in the proper exercise of its discretion, to grant an order for the examination of a party in order to allow the other party to the action to obtain such information as will enable him to furnish a bill of particulars which he has been required to furnish. The power so to do comes within the rule of practice, which permits such discovery to enable a party to prepare his pleading.

APPEAL by the plaintiff from an order of the Erie Special Term denying a motion made by him to stay the defendant's proceedings, under an order before then made for the examination of the plaintiff, until after the service by the defendant of a bill of particulars pursuant to an order requiring it to do so.

The appeal from the order requiring the defendant to serve a bill of particulars, is reported in full in 38 Hun 11

*Ford & Ferguson*, for the appellant.

*John G. Milburn*, for the respondent.

BRADLEY, J.:

The action is for alleged libel. The answer alleges matters in mitigation and in justification. The plaintiff obtained an order directing the defendant to furnish a bill of particulars, and on the defendant's application an order was made for the examination of the plaintiff. The purpose of the plaintiff's motion was to require the defendant to furnish a bill of particulars before the examination of the plaintiff and to obtain a stay of such examination until then. This motion was one within the discretion of the court and was denied. Our attention is called to no rule of law or practice that entitles a party to the precedence sought by the motion, and its denial does not appear to have been an improper exercise of the discretion of the court. It is, however, contended that the order

of the Special Term was made on the ground that the defendant had the right to the examination to enable it to make and serve a bill of particulars, and for that reason the court was in error. The denial of the motion does not, by the terms of the order, seem to have been placed on that ground, and there is nothing elsewhere appearing which requires the conclusion that such was the ground upon which it was made, and, therefore, the question now here is essentially no different in that respect than that presented and determined on a former review of an order made in this action. (5 N. Y. State R., 228.) The order merely states that the motion is denied "upon the ground that the defendant may properly take the examination of the plaintiff and use the information derived from such examination of the plaintiff to frame its bill of particulars," to which certainly there can be no objection legitimately made. On the former review the question whether, under the statute and within the rule of practice, an examination of an adverse party could properly be directed to enable the moving party to prepare a bill of particulars, did not seem to require consideration for the purpose of determining that appeal, and the court did not intend to express any opinion upon it. The remark then made, in the opinion delivered, that it might not be granted for such purpose, was designed only as an expression to the effect that the court did not mean to be understood as holding that such purpose came within the examination provided for by the statute, and that the question was treated as an open one. And it does not seem necessarily to be here now for determination. But since it is urged upon our attention by counsel it may properly be given some consideration. This power may be exercised to enable a party to prepare his pleading as well as to furnish evidence on the trial, and such has been the practice by certain prescribed methods from an early day by way of discovery for such purpose. (*Glenney* v. *Stedwell*, 64 N. Y., 120 ; *O'Reilly* v. *W. T. U. Co.*, 12 Hun, 124 ; *Brisbane* v. *Brisbane*, 20 id., 48 ; *Sprague* v. *Butterworth*, 22 id., 502 ; *Winston* v. *English*, 44 How., 498.) A bill of particulars is not in the strict sense of the term a pleading, as it contains no allegations of cause of action or of defense. The statute providing for it is embraced in the provisions applicable to pleadings, and is so broad in its scope that "the court may in any case direct a bill of

particulars of the claim of either party to be delivered to the adverse party." (Code Civ. Pro., § 531.) The word "claim" in its application is as extensive as the cause of action alleged in the complaint, and as are the matters alleged by way of affirmative defense in the answer. (*Dwight* v. *Germania Life Ins. Co.*, 84 N. Y., 493.) And while the purpose and effect of a bill of particulars is to limit the generality of the complaint or answer and to make more specific the alleged cause of action or affirmative matter of defense, it is treated as an amplification of the pleading. (*Ryckman* v. *Haight*, 15 Johns., 222; *Gay* v. *Cary*, 9 Cow., 45; *Matthews* v. *Hubbard*, 47 N. Y., 428, 429.) It, therefore, may properly be said to form a part of the pleading (*Bowman* v. *Earle*, 3 Duer., 694), and like it may be amended. (*Case* v. *Pharis*, 106 N. Y., 114.) And so essential is compliance with the order directing a party to furnish it, to his right to avail himself of his cause of action or defense, that his failure to do so may result in depriving him of the benefit of his pleading by the force of an order striking it out. (*Gross* v. *Clark*, 87 N. Y., 272.) The fact that a bill of particulars is characterized as the amplification of a pleading, and in some sense part of it, seems to bring it within that term so as to permit discovery in aid of its production. And in view of the power within the discretion of the court to order it made, and to direct the extent and particularity of statement which it shall embrace, it is apparent that the requirement of an order may be such as to impose upon the party a duty to supply the bill, which in some cases might render such discovery necessary to enable him to meet the demand so made upon him by the order. And without expressing any view as to the cases when it should be allowed, we think it is within the power of the court, in the proper exercise of its discretion, to grant an order for the examination of a party to enable the other party to an action to furnish a required bill of particulars, and that it may come within the rule of practice which permits such discovery to enable a party to prepare his pleading. The cases where either is allowable are those of necessity. And the application must be made in good faith for a legitimate purpose to justify the direction for the discovery sought. Our attention is called to no case, and we are aware of none, presenting the question as relates to a bill of particulars. And as the counsel for the plaintiff has treated the question as here, and may

have made the motion in view of it, no costs of this appeal should be awarded.

The order should be affirmed.

BARKER, P. J., and DWIGHT, J., concurred; HAIGHT, J., not sitting.

Order affirmed, without costs.