(28 Misc. Rep. 319.)

### SLINGERLAND v. INTERNATIONAL CONTRACTING CO. et al.

(Supreme Court, Special Term, Columbia County. July, 1899.)

PLEADING—RIGHT TO BILL OF PARTICULARS.
   A bill of particulars will not be required where the information called for is peculiarly within the knowledge of defendant, and the effect of the bill would be to limit the plaintiff's evidence, rather than to disclose to defendant any information necessary in preparing for trial.

Action by Cornelius S. Slingerland against the International Contracting Company and others for trespass. On motion for bill of particulars. Denied.

Parker & Fiero (J. Newton Fiero, of counsel), for the motion.
Maynard, Gilbert & Cone (G. Herbert Cone, of counsel), opposed.

EDWARDS, J. Although the answer in this case contains a denial of the allegation in the complaint that the defendant the International Contracting Company during the month of September, 1895, deposited rock, earth, and other materials in front of and upon the plaintiff's land described in the complaint, the affidavit on which the motion for the bill of particulars is based does not deny the commission by said contracting company of the acts complained of, nor show that said company had no means of obtaining the information sought by the bill of particulars, and that, in order to prevent surprise upon the trial, it is necessary to have the knowledge within the possession of the plaintiff. The information which the International Contracting Company mainly seeks from the plaintiff is the different days and times during the month of September, 1895, when the said company deposited material in front of and upon the plaintiff's lands, the names of the agents, servants, and employés of the

said contracting company, together with the names of the tugs and numbers of scows which deposited said material. I think it quite apparent that if the contracting company in the month of September, 1895, committed the acts complained of, the information sought by this bill of particulars is peculiarly within its knowledge. If it did none of the acts, the necessary evidence is clearly accessible to it. In no event, I think, can it be taken by surprise on the trial; and the furnishing of a bill of particulars would have the effect of limiting the plaintiff's evidence, rather than disclosing to the defendant any information which is necessary in its preparation for trial. For the same reasons, the plaintiff should not be compelled to furnish particulars of the names of the persons and the date when the plaintiff forbade them to deposit any material, or the names of the persons and tugs which continued to deposit material after they were forbidden so to do, or the part of the land of the plaintiff where said material was deposited. I do not think that the names of the persons with whom the plaintiff entered into a written agreement to lease a portion of the privilege to cut and store ice and to erect ice houses is material. It does not appear that the plaintiff has any information as to the depth of the water in front of the lands prior to the commencement of the dumping in 1895 which is not possessed by or accessible to the defendants. The motion should be denied, with costs.

Motion denied, with costs.