(54 Misc. Rep. 63.)

### NEW YORK EDISON CO. v. McDONALD et al.

(City Court of New York, Special Term.   January, 1907.)

1. PLEADING—BILL OF PARTICULARS—PARTICULARS OF CAUSE OF ACTION.

In an action by an electrical company against the constructors of a subway and their contractors to recover the cost of caring for, repairing, and changing its wires, cables, structures, and underground service, alleged to have been made necessary because defendants had interfered with, obstructed, and undermined, or was about to interfere with, obstruct, and undermine, them and other property by the construction of a certain subsection of the subway, on motion by certain defendants for a bill of particulars, plaintiff will be required to give the dates of the alleged interference, and to state whether the property mentioned was actually interfered with, or merely about to be interfered with, since that is a particular which may become material to defendants in preparing to meet plaintiff's case.

2. SAME—KNOWLEDGE OF PARTIES OF SUBJECT-MATTER.

Plaintiff will not be required to state what defendants, or what agents, servants, or employés of what defendants, did the acts complained of, nor, since the defendants asking for the bill admit making the only contracts in question, under what terms and provisions of what contracts plaintiff claims defendants were required to make the changes, alterations, and repairs, since defendants have an equal opportunity for knowing those facts.

3. SAME—SUBJECT-MATTER OF PARTICULARS.

Plaintiff will not be required to give particulars as to the sums allowed as a credit memorandum.

Action by the New York Edison Company against John B. McDonald and others. On motion by certain defendants for a bill of particulars. Order to be settled on notice.

Beardsley & Hemmens, for plaintiff.

Philip Carpenter, for defendants.

WADHAMS, J. The action is brought to recover the cost to plaintiff of caring for, repairing, and changing its wires, cables, structures, and underground service near Lenox avenue, made necessary by reason of the construction of subsection No. 8 of the subway. Motion is made for a bill of particulars by the defendants Farrell and Hopper. In their answer they admit entering into a contract with the defendant McDonald for the construction of subsection No. 8 and that they in turn subcontracted with the defendant Rodgers for part of this section. The demand for the bill of particulars contains ten paragraphs. The fourth paragraph demands:

"What defendants, and what agents, servants, or employés of what defendants the plaintiffs claim did the acts alleged * * * and on what dates."

The plaintiff will be required to state the dates on which the alleged interference, obstruction, and undermining of its property occurred, but will not be required to give the other information. In Slingerland v. International Con. Co., 28 Misc. Rep. 319, 59 N. Y. Supp. 860, affirmed 43 App. Div. 620, 60 N. Y. Supp. 1148, the court said:

"The information which the International Contracting Company mainly seeks from the plaintiff is * * * the names of the agents, servants, and employés of the said contracting company, together with the names of the tugs and numbers of scows which deposited such material. I think it quite apparent that, if the contracting company * * * committed the acts complained of, the information sought by this bill of particulars is peculiarly within its knowledge. If it did none of the acts, the necessary evidence is clearly accessible to it. In no event can it be taken by surprise at the trial, and the furnishing of a bill of particulars would have the effect of limiting plantiff's evidence, rather than disclosing to the defendant any information which is necessary for its preparation for trial."

See, also, Messer v. Aaron, 101 App. Div. 169, 171, 91 N. Y. Supp. 921, 922.

The reasoning applies equally to the demand that plaintiff specify which of the defendants did the alleged acts, as these defendants must be aware whether or not the acts were done by them. The same ruling is made to so much of the fifth and sixth demands as requires the names of the defendants, their agents, servants, or employés.

That portion of the ninth demand which inquires "under what terms and provisions of what contracts the plaintiff claims the defendants were required to make said changes, alterations, and repairs" will not be granted. As it appears that Farrell and Hopper admit making the only contracts in question, they have equal opportunity to familiarize themselves with the terms of these contracts as the plaintiff has, and the effect of such terms is clearly a matter of legal construction for the court, and not a particular to be specified by a bill of particulars. Constable v. Hardenburg, 76 Hun, 434, 437, 27 N. Y. Supp. 1022, 1024.

In the third paragraph the defendants request a bill of particulars

as to the sum allowed as a credit memorandum. It has been held that the court will not compel a plaintiff to furnish a statement of the particulars of the items allowed as an offset. Case v. Pharis, 106 N. Y. 114, 118, 12 N. E. 431, 432; Williams v. Shaw, 4 Abb. Prac. 209. This demand will therefore not be allowed.

In parts of the first, fifth, sixth, and eighth paragraphs the defendants demand to know whether the plaintiff's property mentioned was "actually interfered with, obstructed, undermined, or about to be interfered with, obstructed, or undermined." The complaint alleges that defendants interfered with, etc., or were about to interfere with, etc., its electrical subways, mains, conduits, wires, cables, devices, conductors, house connections, sub and super surface systems, and other property, and that plaintiff moved, altered, readjusted, rebuilt, and repaired such of said property as were interfered with, obstructed, or undermined, or were about to be interfered with, obstructed, and undermined by the acts of the defendants. Plaintiff contends that it is immaterial whether the damage was occasioned because plaintiff's property was interfered with, or because it was about to be interfered with, and that it was plaintiff's duty to anticipate the interference and protect its property. In my opinion it is a particular which may be material. Whether the cost was incurred in protecting property which plaintiff deemed to be in danger, but which defendants were, in their opinion, protecting or would have protected, had it not been removed or cared for by plaintiff, present questions which defendants may prepare to meet by demanding a bill of particulars. It is conceded that defendants are entitled to the other particulars demanded.

Settle order on notice.