MARY BURKE TARPEY, Appellant, *v.* JERSEY CO-OPERATIVE COMPANY and Another, Respondents.

(Supreme Court, Appellate Term, First Department, January, 1917.)

Appeal — dismissal of — when order vacating service of summons is not appealable — motions and orders — judgments — Code Civ. Pro. § 779.

Where in an action against a foreign corporation the summons was served upon its president while he was attending in this state as a party in another action, an order vacating such service is not appealable under section 154 of the Municipal Court Code.

After the dismissal of an appeal from the order vacating the service of the summons and the refusal of the clerk to enter judgment dismissing the action until directed to do so by the court, a motion for an order directing the entry of a judgment dismissing the action to enable plaintiff to take an appeal from the judgment and bring up for review the order vacating the service of the summons was opposed by defendant on the grounds (1) that plaintiff was stayed because of nonpayment of the costs imposed on the dismissal of the appeal, and (2) that no judgment could be entered on the order vacating the service of the summons. On denying a motion for a reargument of the appeal from said order, *held:* that the motion for entry of judgment having been made before

the expiration of the ten days provided in section 779 of the Code of Civil Procedure no stay was operative, that the order, in substance dismissing the complaint, was a final order in an " action " and that judgment should be entered in favor of defendant.

Motion for re-argument of an appeal from an order of the Municipal Court of the city of New York, borough of Manhattan, third district.

Maximus A. Lesser, for appellant.

Albert E. Gunn, for respondents.

*Per Curiam.* The Municipal Court justice in this case made an order upon motion of the defendants, vacating the service of the summons made upon the defendant, it having been served upon its president, when he was attending in this state as a party in another action. This court dismissed the appeal from the order upon the ground that, under the provisions of section 154 of the Municipal Court Code, the same was not appealable. The plaintiff then made a motion in the lower court for an order directing that a judgment of dismissal of the action be entered, the clerk having refused to enter such a judgment until directed to do so by the court, the object of such entry being to enable the plaintiff to appeal from the judgment and bring up for review the order first above referred to. This motion was opposed by the defendant's attorney upon the ground (1) that the plaintiff was stayed by reason of the non-payment of the costs imposed upon the dismissal of the appeal, and (2) that no judgment could be entered upon the disposition made in the lower court in vacating the service of the summons. In both positions the defendant is wrong. (1) The

Supreme Court, January, 1917. [Vol. 98.

motion for entry of the judgment was made before the expiration of the ten days provided in section 779 of of Code of Civil Procedure and no stay was operative (*Marks* v. *King,* 66 How. Pr. 452), and because the order vacating the service of the summons was a final order in an " action " and one in substance dismissing the complaint and a judgment should be entered thereon in favor of the defendant. Under no theory can the order appealed from be deemed one in a special proceeding. There was an " action " begun for the " enforcement or protection of a right," etc. (Code Civ. Pro. § 3333), and the order was made in that action, and it does not fall within the definition of a special proceeding. Code Civ Pro. § 3334.

The motion for re-argument must be denied.

Present: GUY and BIJUR, JJ.

Motion denied.