COCHRANE CARPET COMPANY, Respondent, *v.* HENRY G. HOWELLS, JR., and Another, Appellants.

*Bill of particulars — primary purpose thereof — when it will not be ordered.*

The primary purpose of a bill of particulars is to give information as to such details of a claim presented against another as justice requires. When ordered and not given it excludes evidence upon the subject of the claim, and, if given, confines the party upon the trial of the action to the particular items which he is required to give in such bill of particulars. This is done to prevent surprise or injustice upon the trial.

It is not the office of a bill of particulars to limit the evidence which a party may be able to produce upon the trial of an action to maintain his side of the issue, and where that is the only purpose to be subserved the service of a bill of particulars will not be ordered.

APPEAL by the defendants, Henry G. Howells, Jr., and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of September, 1894, as resettled, requiring the defendants to furnish the plaintiff a bill of the items and particulars of two of the defendants' counterclaims.

*William H. Arnoux,* for the appellants.

*M. Regensberger,* for the respondent.

O'BRIEN, J.:

The appeal is from the entire order and from each and every part thereof, but the appellants, conceding the validity of the order in other respects, complain of that portion which requires the bill of particulars to state the dates upon which the requests or demands mentioned in the eighth and ninth paragraphs of their answer, respectively, were made.

The action is the ordinary one for goods sold and delivered. In addition to a denial, the answer sets up a counterclaim, that the parties entered into a contract for 2,000 pieces of goods, to be delivered within a year, of which the goods sued for were a part; that the goods were to be delivered at the rate of 500 pieces every three months, and in larger quantities if desired; that the plaintiff did not make the deliveries as contracted for, although the defendants requested and desired such delivery, and that plaintiff has wholly failed to deliver the balance, " although these defendants have many times demanded that the plaintiff should forthwith deliver the same to the defendants." The reply, after denying that this was a proper construction of the contract, admits that defendants sent orders for some of the goods during the first three months, but after the receipt of said orders continually shifted and changed the order, so that plaintiff was unable to have all of the same ready for sale and delivery to the defendants.

The question presented, therefore, is, whether it was proper to require the defendants to state the dates upon which the requests or demands mentioned in the answer were respectively made. Upon the issue thus raised it is conceded that requests or orders were made, but these are sought to be avoided upon the ground that they were so changeable and shifting that the plaintiff was unable to get all of the goods ready in time to deliver. It is, therefore, incumbent upon the plaintiff to show that the requests or orders were changeable and shifting, no question arising but that they were given, and the only purpose that could be served by requiring of the defendants a statement of the dates would be to exclude requests and demands at times other than those given in the bill of particulars. The primary purpose of a bill of particulars is to give information as to such details of a claim presented as justice requires. When ordered and not given, it excludes evidence upon the subject

of the claim, and, if given, upon a trial confines the party to the particulars which he is required to give; and this is done to prevent surprise or injustice upon the trial.

Here the information sought as to the dates when these demands were made of plaintiff are as much within the latter's knowledge as that of the defendants, and the object, therefore, cannot be to furnish information, but to limit the defendants in the scope of their proof in meeting the affirmative issue raised by the plaintiff, that the orders were so changeable and shifting that the plaintiff could not get the goods ready so as to complete the whole contract. It is not the office of a bill of particulars to limit the evidence which a party may be able to produce upon the trial to maintain his side of the issue; and where that is the only purpose to be served the particulars should not be ordered.

We think that the order in this respect was too broad, and that it should be modified by striking therefrom that portion requiring a statement of the dates upon which the requests or demands were made.

The appeal, as stated, was from the entire order, and the contention below was against giving any particulars of the counterclaim, all of which it is now conceded the plaintiff was entitled to, except in the particulars above mentioned, about which, upon the moving papers, no special stress was laid, nor does it appear to have been specifically called to the attention of the judge at Special Term. We think, under these circumstances, that while the order should be modified in the respect indicated, it should be without costs.

Van Brunt, P. J., concurred.

Order modified as directed in opinion, without costs.

---

Note.— The rest of the cases of this term will be found in the next volume, 82 Hun.— [Rep.