AHRENS et al. v. MOADINGER.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

BILL OF PARTICULARS—KNOWLEDGE OF PARTY.
   Defendant's mother had lived with him, and at times he had acted as her agent in loaning her money. After her death her executors sued him, alleging that during the agency he had "received for her account, from her and others, various sums for investment, and had failed to keep invested a large amount, so that he had, as such agent, $8,000 which was due and payable by him to her." Held that, since the facts were as fully

within the knowledge of defendant as plaintiff; it was not an abuse of discretion to refuse a motion for a fuller bill of particulars.

Appeal from special term, Kings county.

Action by Mary E. Ahrens and Charles F. Moadinger, as executors of the will of Frederica Moadinger, deceased, against William Henry Moadinger. From an order denying a motion for a further bill of particulars, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Abner C. Thomas, for appellant.
Norman A. Lawlor, for respondents.

WOODWARD, J.  It appears from the pleadings in this action that prior to 1894 Frederica Moadinger, the mother of the defendant as well as of the plaintiffs, resided with the defendant; that she was possessed of a considerable sum of money, which she loaned upon bond and mortgage, and transacted other business, the defendant acting at times as her agent. Before her death Mrs. Moadinger left the home of the defendant, and resided with one or both of the plaintiffs; and, upon making her will, the defendant was cut off from participation in her estate, the plaintiffs being made the executors of her will. This action is brought by the executors, it being alleged that, during the time that the defendant acted as agent for his mother in the transaction of her business, he "received for her account and her behalf, from her and divers other persons, various sums of money for investment for her upon bond and mortgage; * * * that, while so acting as agent for his said mother, the said Frederica Moadinger, the said defendant, in flagrant violation and disregard of his duties as such, neglected to invest and keep invested a large amount of her money and funds, so that on or about the 1st day of October, 1894, he had in his possession as such agent the sum of eight thousand dollars ($8,000), which was due and payable by him to her." Upon the demand of defendant's attorney, plaintiffs served a bill of particulars, following the same with an amended complaint; and the motion now under consideration was made for a fuller bill of particulars. This motion was denied, and appeal comes to this court.

The granting of an order for a bill of particulars in an action of this character is discretionary with the court; and where it appears that the facts are as fully within the knowledge of the party demanding as they can be on the part of the party from whom the demand is made, and that the real object of the bill of particulars is to limit the party furnishing the same to the exact allegations of such bill of particulars, this court will not interfere to control the discretion of the court below in denying the motion. The defendant, acting as agent for his mother, must be presumed to know the facts; and it would be a hardship upon the plaintiffs to compel them to limit their claim to a bill of particulars, the knowledge of the facts not being available to them. The amended complaint points out the claim of the plaintiffs. They allege that the defendant upon a given

date had the sum of $8,000 in his possession, belonging to the plaintiffs' testator. While section 829 of the Code of Civil Procedure may prevent the defendant being a witness in his own behalf in respect to the purely personal transactions between himself and his mother, it does not prevent him from testifying as to the receipt of money from other persons in her behalf, nor as to the disposition which he made of such money. The plaintiffs cannot testify upon the questions of personal transactions between the defendant and their testator without opening the way to him; and, if it should develop upon the trial of the action that the defendant has been surprised, the court has power to grant relief. Dwight v. Insurance Co., 84 N. Y. 493, 503. The pleadings put in issue the question whether the defendant had this money, or any part of it, at the time alleged in the complaint, and the plaintiffs are thus put to their proofs. They must establish the facts. They are under the same disabilities, under the provisions of section 829 of the Code of Civil Procedure, as the defendant; and, the facts being within the special knowledge of the defendant, we are unable to discover any reason for granting the relief asked for on this appeal. See Dwight v. Insurance Co., supra; Carpet Co. v. Howells, 81 Hun, 610, 30 N. Y. Supp. 1029; Constable v. Hardenbergh, 76 Hun, 434, 27 N. Y. Supp. 1022.

The order appealed from should be affirmed, with costs. All concur.