(74 App. Div. 74.)

SPENCER v. FT. ORANGE PAPER CO. et al.

(Supreme Court, Appellate Division, Second Department. June 19, 1902.)

1. BILL OF PARTICULARS—DISCRETION OF COURT.
    Under Code Civ. Proc. § 531, providing that the court may in any case direct a bill of particulars to be delivered to the adverse party, the granting of such bill is discretionary.

2. APPEAL—REVIEW.
    Objections not raised on the hearing of a motion cannot be considered on appeal.

3. BILL OF PARTICULARS—MOTION—DEFECTS IN FORM.
    Under Code Civ. Proc. § 723, requiring the court to disregard errors or defects in the proceedings not affecting a substantial right, it was not error to overrule an objection to a motion for a bill of particulars that the certificate of a clerk of court attached to an affidavit accompanying the motion described the affidavit as an "acknowledgment."

Appeal from special term, Kings county.

Action by George E. Spencer against the Ft. Orange Paper Company and others. From an order granting plaintiff's motion for a bill of particulars, defendant company appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William Man, for appellant.

Herbert Barry (Julien T. Davies, on the brief), for respondent.

WOODWARD, J. The granting or withholding of a bill of particulars is within the discretion of the court (section 531, Code Civ. Proc.), and, where there has been no abuse of this discretion, the appellate courts will not, as a rule, interfere. We find no such abuse in the matter now before us. The plaintiff, as the assignee of the Atchison Savings Bank in Kansas, brings this action to recover the amount of an accepted draft for $5,000. The assignment was made two years after the draft had been dishonored, and is, of course, subject to all of the defenses which might have been urged against the assignor. The defendant sets up in its answer various defenses, as to some of which the plaintiff asks for a bill of particulars, and

under the circumstances of this case it seems entirely clear to us that the plaintiff has a right to have the issues confined to specific matters. Plaintiff's assignor is in Kansas, and it would manifestly be unfair to the plaintiff to have the way left open for the introduction of evidence which could not have been reasonably anticipated, and which it would be impossible, upon the trial of the action, to meet.

The defendant the Ft. Orange Paper Company opposed the granting of this order, upon the ground that the certificate of the clerk of the Kansas court, attached to an affidavit necessary to the plaintiff's motion, described the affidavit or deposition as an acknowledgment; but this was overruled "because it was evident that this was a clerical error only, and the paper was otherwise authenticated by other words." The defendant upon this appeal urges other objections to the certificate, but we are of opinion that, not having raised these upon the hearing of the motion, they are not available on appeal, assuming them to have merit. In "every stage of the action the court must disregard an error or defect in the pleadings or other proceedings which does not affect the substantial rights of the adverse party" (section 723, Code Civ. Proc.), and this seems a very good place for the application of this rule. The defect in the certificate of authentication, assuming it to be a defect, does not affect the substantial rights of the defendant. It is merely a regulation of the proceedings, and if it were necessary the court might feel that it was justified in taking judicial notice of the fact that a notary public is entitled "to take and certify the acknowledgment and proof of deeds to be recorded in" a sister state (see tit. "Notary or Notary Public," Bouv. Law Dict.), at least the purposes of a motion governing the practice of the court.

The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.