(101 App. Div. 169)

### MESSER v. AARON.

(Supreme Court, Appellate Division, Second Department. January 27, 1905.)

1. PLEADING—BILL OF PARTICULARS—DISCRETION—REVIEW.

Where, on an application for a further bill of particulars, it appears that the facts are as fully within the knowledge of defendant as plaintiff, and that the real object of the bill is to limit plaintiff to the exact allegations thereof, the Appellate Division will not interfere with the trial court's discretion in denying the motion.

2. SAME—SPECIFIC PERFORMANCE—NAMES OF CLAIMANTS.

Where, in a suit for specific performance, plaintiff alleged a contract to convey real estate, and that defendant was unable and unwilling to make the conveyance, and in response to an application for bill of particulars alleged that defendant had not a marketable title because various grantees of the original owner claimed an easement over the property, plaintiff was not bound to furnish a further bill of particulars disclosing the names of such claimants and the grounds on which their claims were based.

Appeal from Special Term.

Action by Louis Messer against Samuel Aaron. From an order denying defendant's motion for further bill of particulars, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Nathan Burkan, for appellant.
Herman G. Loew, for respondent.

WOODWARD, J. This action was brought for the specific performance of a contract for the sale of certain real estate, or for damages for a failure to perform. The plaintiff alleged the contract, the payment of $800 on account of the same, and his readiness to perform all of the conditions of such contract on the day and date for the transfer of title, but that the defendant was "unable and unwilling to make the conveyance of the said premises in accordance with the said contract." The defendant moved for a bill of particulars "setting forth in detail the particulars in respect to which plaintiff claims that the defendant was unable to convey the premises more fully mentioned and described in the complaint herein," etc. The plaintiff subsequently served a bill of particulars pursuant to an order of the court made upon his default, in which it was stated that "the plaintiff claims that the defendant was unable to give a good and marketable title to the premises described in the complaint herein in accordance with the contract referred to in the said complaint because various grantees of Gilbert Thatford, the orig-

¶ 1. See Pleading, vol. 39, Cent. Dig. §§ 957, 972.

inal owner of the premises in question, with other lands on the east side of Thatford avenue, have or claim an easement or right of way over a strip of land on the easterly side of Thatford avenue ten (10) feet in width, including the premises in question." This bill of particulars was returned as insufficient, "because it does not state the names of the various grantees of Gilbert Thatford who have or claim an easement or right or way over the premises described in the complaint, and because it does not state specifically the nature and ground of such claim." Subsequently the defendant moved for another or further bill of particulars, and from the order denying this motion he appeals to this court.

There is nothing in the moving papers to show that the defendant has not all of the information which he seeks to have the plaintiff furnish, and, as the title to the premises is a matter of public record, it is within the reach of the defendant quite as well as of the plaintiff, and it is not the legitimate purpose of a bill of particulars to impose a needless burden upon the opposite party. The granting of an order for a bill of particulars is discretionary with the court, and where it appears that the facts are as fully within the knowledge of the party demanding as they can be on the part of the party from whom the demand is made, and that the real object of the bill of particulars is to limit the party furnishing the same to the exact allegations of such bill of particulars, this court will not interfere to control the discretion of the court below in denying the motion. Ahrens v. Moadinger, 41 App. Div. 355, 356, 58 N. Y. Supp. 497; Constable v. Hardenbergh, 76 Hun, 434, 438, 439, 27 N. Y. Supp. 1022; Spencer v. Fort Orange Paper Co., 74 App. Div. 74, 77 N. Y. Supp. 251. We think the original bill of particulars set forth the claim of the plaintiff, and that he was not called upon to disclose the names of his witnesses or other matters of evidence. The office of a bill of particulars is to amplify a pleading, and to inform the party with reasonable certainty of the nature of the claim made by his adversary, in order to prevent surprise, and to enable him to intelligently meet the issue upon the trial (Taylor v. Security Mutual Life Ins. Co., 73 App. Div. 319, 325, 76 N. Y. Supp. 671, and authorities there cited); and as all of the information which the defendant demands is as fully within his reach as in that of the plaintiff, and it does not appear that the defendant is ignorant of the facts, the learned court at Special Term very properly refused to grant the order.

The order appealed from should be affirmed, with costs. All concur.