(115 App. Div. 360)

BRESLAUER REALTY CO. v. COHEN et al.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

1. PLEADING—BILL OF PARTICULARS—PARTICULARS OF CAUSE OF ACTION.

Where defendant contracted to build houses according to certain plans and convey them to plaintiff, the contract containing many clauses in relation to the buildings to be erected, in an action for damages for defendant's failure to build in accordance with the plans, defendant was entitled to a bill of the particulars, in which plaintiff claimed that the houses were not completed as required by the contract.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 954, 958.]

2. SAME.

Plaintiff having alleged generally that, because of defendant's failure to comply with the contract, plaintiff had been damaged in a specified sum, defendant was not entitled to a bill of particulars of the damages.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 962.]

Appeal from Special Term, New York County.

Action by the Breslauer Realty Company against Myer Cohen and others. From an order denying a motion requiring plaintiffs to furnish a bill of particulars, defendants appeal. Modified and affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Moses Feltenstein, for appellants.
Ed. A. Isaacs, for respondent.

INGRAHAM, J. The action is brought to recover the damages sustained by the plaintiff by reason of a breach of a contract to convey a piece of property, with the buildings and improvement thereon erected or to be constructed thereon. The complaint alleges that by a contract in writing the defendants agreed, at their own proper costs and expense, to complete the erection of two buildings on certain premises described in accordance with the plans of an architect named in the contract; a copy of the contract being annexed to the complaint. The complaint then alleges that the plaintiff offered to accept a conveyance of the premises, provided the buildings were constructed, built, and finished as provided for by the terms of the contract, and duly tendered payment of the purchase price, but the defendant failed, neglected, and refused to convey to the plaintiff the premises in accordance with the terms of the contract, in that the buildings erected on said premises were not finished or completed in accordance with the sample houses, and were not finished or built in accordance with the plans on file; and also allege that, "because of the failure of the defendants to comply with the terms of their contract and specifically perform the same, this plaintiff has been damaged in the sum of five thousand ($5,000) dollars."

I think that the plaintiff should have been required to furnish a bill of particulars as to the allegation set forth in the ninth clause of the complaint. The contract for the completion of these houses contains many clauses in relation to the buildings to be erected upon the premises. It would be impossible for the defendants to prepare for trial without knowledge of the particulars, in which the plaintiff claims that the houses were not completed as required by the contract. The action is to recover the damages sustained because the defendants did not complete the work in accordance with their contract. The plaintiff must know in what respects, if justified, its refusal to accept the work when tendered by the defendants and in what respect the buildings were not then completed as provided by the contract. I think, therefore, that the defendants were entitled to this information. Particulars should not be required as to the allegation set forth in the eleventh clause. The allegation as to damage is a general allegation, the particulars of which I think were not necessary. Plaintiff would be entitled to show generally the damage that it sustained, but it is not a case where there are particular items of damage to which the plaintiff would be entitled. The case of Messer v. Aaron, 101 App. Div. 169, 91 N. Y. Supp. 921, is not in point. There the objections were to the title relied on by the defendant, particulars of which were sought. A bill of particulars in that case had been served, and what the court held was that the bill furnished was sufficient information as to the objections to the title.

The order should, therefore, be modified, by requiring the plaintiff to specify the particulars in which the buildings were not constructed in compliance with the contract, and the order, as modified, affirmed, with $10 costs and disbursements. All concur.