SHAW v. STONE et al.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

1. PLEADING—BILL OF PARTICULARS—NATURE AND OFFICE OF BILL OF PARTICULARS.

The object of the bill of particulars is to make the pleadings definite and certain, to limit and define the issues, and to advise defendant of the nature of the proof he will be required to meet.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 949.]

2. SAME—CAUSE IN WHICH PARTICULARS MAY BE REQUIRED.

The complaint alleged that defendant took out four copyrights on books written by plaintiff, holding them in trust for plaintiff's benefit and publishing them under a license from him; that plaintiff revoked the license and demanded a reassignment of the copyrights, but that defendant, instead, assigned them to defendant D., who having notice of plaintiff's claim refused to assign them to him, to his damage of $200 a day. The answer denied notice of plaintiff's claim, and alleged a reassignment thereof to him after retaining them some nine months. *Held*, that defendants were entitled to have a bill of particulars as to the nature of the damages claimed and the items of damages suffered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 954–962.]

Appeal from Special Term.

Action by George B. Shaw against Herbert Stone, Melville E. Stone, and Duffield & Co. From an order denying a motion for a bill of particulars, defendant Duffield & Co. appeals. Order reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

Frederick S. Duncan, for appellant.

Sackett, Chapman & Stevens (Selden Bacon and Harry W. Sackett, on the brief), for respondent.

CLARKE, J. The amended complaint alleges that Herbert S. Stone & Company, under a certain agreement with George Bernard Shaw, took out four copyrights in the United States on books written by Shaw, holding these copyrights in trust for the benefit of Shaw, and meanwhile publishing the books under a license from Shaw. It is further alleged that in 1905 Shaw revoked the license, and demanded a reassignment of the copyrights from Stone, but Stone, instead of reassigning them to Shaw, assigned them on March 3, 1906, to Duffield & Co.; said Duffield & Co. having notice of Shaw's claim of ownership of the copyrights. The complaint alleges that Duffield & Co. declined to assign the copyrights in question to Shaw, and that by reason of such refusal Shaw suffered serious damage to the extent of at least $200 a day.

The answer of the defendant Duffield & Co. admits that on March 3, 1906, it took an assignment of the copyrights in question from Stone, but denies that it had the notice alleged of rights claimed by Shaw in said copyrights. The answer further alleges that after the commencement of this suit, and after investigation of Shaw's claims, the defendant Duffield & Co., without admitting the correctness of Shaw's claim, but in order to avoid litigation, assigned the copyrights to Shaw on the 20th day of December, 1906. It would appear, therefore, that the only issue between the plaintiff and the defendant Duffield & Co. is as to whether any damage has been suffered by Shaw because of the retention of these copyrights by Duffield & Co. from March 3, 1906, to December 20, 1906, and, if so, as to the amount of such damage.

The action is not brought for the infringement of copyrights or damages for the sale of books in violation of the copyrights. The complaint alleges that Shaw has suffered $200 a day damage by reason of the unlawful retention of the copyrights by Duffield & Co. From March 3, 1906, to December 20, 1906, this would amount to $58,400. There is not a word in the complaint as to the nature of this alleged damage, or the facts upon which the claim is based.

The defendant made a motion for a bill of particulars of plaintiff's alleged claim for damages, and, said motion having been denied, brings this appeal from the order entered thereon. The object of a bill of particulars is to make certain that which is uncertain, to limit the issues, and to advise the defendant of the nature of the proof which it will be required to meet. This is an extraordinary action. How and in what way the plaintiff has been damaged by the alleged retention of the copyrights is not disclosed in the complaint. Neither in his brief nor in his argument before this court upon this appeal did the plaintiff disclose the theory upon which he claims damages should be assessed. In fact, the learned counsel for the respondent says in his brief:

"What damage Mr. Shaw can show is a very difficult question of law, proper to be determined upon the trial of the cause as the evidence is presented. Just what items of damage Mr. Shaw can obtain under the law is perhaps a new question. The matter is entirely one for the exercise of the chancery powers of the court in such a case."

The bare statement of such propositions make it evident, as it seems to me, that a case is presented which requires a bill of particulars. If the plaintiff who has brought his action is ignorant of the theory upon which he proposes to claim damages, how is it possible for the defendant properly to prepare itself to meet a claim not yet formulated? The object of pleadings is to present clear and definite issues. The object of a bill of particulars is to further limit and define such issues. It is the defendant's right to be advised before the trial as to what it shall be called upon to meet upon the trial, and the avowed helplessness of the plaintiff to now formulate his demand is the very reason why the defendant should not be compelled to go into court until the plaintiff can state his claim.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to the appellant. All concur.