### HEIN v. HONDURAS SYNDICATE.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

1. PLEADING (§ 329\*)—BILL OF PARTICULARS—REFUSAL OF DEMAND THEREFOR —LIMITATION OF PROOF.

Code Civ. Proc. § 531, authorizes the court on application to make an order on notice for a bill of particulars of the claim of either party to be delivered to the adverse party, and provides that in case of default it shall preclude him from giving evidence with reference thereto. *Held,* that before plaintiff, from whom defendant demanded particulars of payments alleged to have been made for him, could be precluded thereunder from giving evidence thereof, an order should be obtained directing that the particulars demanded be given, and the demand alone and failure to comply therewith was not enough.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 995; Dec. Dig. § 329.\*]

2. PLEADING (§ 329\*)—BILL OF PARTICULARS—NONCOMPLIANCE WITH ORDER THEREFOR—PRACTICE AS TO LIMITATION OF PROOF.

The proper practice under such section, where a party fails to comply with an order directing service of a bill, is to apply for an order limiting the proof as to matters involved.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 995; Dec. Dig. § 329.\*]

Appeal from Trial Term, New York County.

Action by Isa Willard Hein against the Honduras Syndicate. From an order precluding plaintiff from giving evidence as to alleged payments, he appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Monroe M. Schwarzschild, for appellant.
R. L. Von Bernuth, for respondent.

McLAUGHLIN, J. This action is brought to recover, among other things, moneys alleged to have been expended by the plaintiff at the defendant's request. The specific allegation of the complaint as to the expenditure of such moneys is that:

"In the course of his employment as aforesaid, plaintiff was compelled to and did pay large sums of money for the account of defendant, to wit, $2,000 in the year 1903, $2,000 in the year 1904, $2,000 in the year 1905, $2,000 in the year 1906, $2,000 in the year 1907, for railroad fares, hotel expenses, and general expenses to railroads, hotels, and other persons on an annual trip in the years aforementioned from and to New York City, to and from various points

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in and about Honduras, Central America, and return, and plaintiff paid the said sums at the request of the defendant."

After issue had been joined, defendant served a written notice upon the plaintiff, in which he demanded "particulars of the payments alleged to have been made by the plaintiff" in that part of the complaint above quoted. The demand not having been complied with, the defendant, more than 10 days after the service of the same, moved upon notice that the plaintiff be precluded at the trial from giving any evidence as to the payments alleged to have been made. The motion was granted, and plaintiff appeals.

The motion was made under section 531 of the Code of Civil Procedure. This section, after stating that it is unnecessary for a party to set forth in a pleading the items of an account, provides that if he does not do so he must deliver to the adverse party, within 10 days after a written demand therefor, a copy of the account, and, if he fails to do that, he is precluded from giving evidence of the account. The section further provides that upon application the court is authorized to make an order in the action, upon notice, directing a bill of particulars of the claim of either party to be delivered to the adverse party, and in case of default that it shall preclude him from giving evidence with reference thereto. What the defendant here wanted was a bill of particulars; that is, "particulars of the payments alleged to have been made." He did not ask for a copy of the account, nor is there anything in the complaint from which it can be inferred that there is any account concerning which he could demand a copy. His right to the bill of particulars, therefore, came within the second provision of the section of the Code referred to, and before the plaintiff could be precluded from giving evidence of such payments an order had to be obtained directing that the particulars be given. It seems to be settled that the proper practice, in a case where a party fails to comply with an order directing service of a bill of particulars, is to apply to the court for an order limiting the proof in respect to the matters involved. Gebhard v. Parker, 120 N. Y. 33, 23 N. E. 982; Fischer-Hansen v. Stiergranat, 65 App. Div. 162, 72 N. Y. Supp. 593; Smith v. Bradstreet Co., 134 App. Div. 567, 119 N. Y. Supp. 487. Such practice is fair to both parties. Where a demand is made for a bill of particulars, and the adverse party does not think he is legally obliged to comply with the same, he can refuse, and then the question can be presented to the court in a formal way, and the right of the demand passed upon in an orderly way. To sanction the practice here adopted would be to compel the party upon whom the demand was made either to comply with it or take the risk of being deprived of giving evidence of what may be a just claim. The language of the section does not require, nor do we think it justifies, such construction.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice to a motion by defendant to compel plaintiff to serve a bill of particulars. All concur.