LOCKER et al. v. AMERICAN TOBACCO CO. et al.

(District Court, S. D. New York. January 22, 1912.)

1. PLEADING (§ 320*)—BILL OF PARTICULARS.

Where, in an action for damages for injuries sustained by an alleged unlawful combination in restraint of trade, the complaint alleged a combination, which was not against plaintiffs specifically, the proof of which might be founded on inferences to be drawn from the course of business, and two of the defendants had already been held to have participated in the illegal combination in a proceeding brought by the United States on behalf of the public, and the other had knowledge of its own relation to the defendants and wherein it participated in any combination, defendants were not entitled to a bill of particulars, alleging specific details of the combination and its effect on plaintiffs.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 972; Dec. Dig. § 320.*]

2. PLEADING (§ 317*)—BILL OF PARTICULARS—SPECIAL INJURY.

Where, in an action to recover damages for injuries due to an alleged unlawful combination in restraint of trade, the damages claimed were very large, and were in the nature of special damages, defendants were entitled to a bill of particulars with reference thereto.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 317.*]

At Law. Action by John A. Locker and another, trading as E. Locker & Co., against the American Tobacco Company, the Metropolitan Tobacco Company, and others. On application for bill of particulars. Granted in part.

Charles Dushkind, for plaintiffs.

Nicoll, Anable, Lindsay & Fuller, for defendants American Tobacco Co. and others.

Goldsmith, Cohen, Cole & Weiss, for defendant Metropolitan Tobacco Co.

WARD, Circuit Judge. The court, when asked to order a bill of particulars, has to steer between two evils, namely, unreasonably restricting the plaintiff's case or exposing the defendant to surprise at the trial.

[1] The combination alleged in the complaint is not one against the plaintiff specifically, in which case greater particularity might be required, but against the public generally. The proof of it may be founded on inferences to be drawn from the course of business, and the plaintiffs may be unable to state specific details. The other defendants, the American Tobacco Company, the American Snuff Company, and Blackwell's Durham Tobacco Company, have already been held to have participated in an illegal combination in a proceeding brought by the United States on behalf of the public. The defendant the Metropolitan Tobacco Company, which asks for the bill of particulars, of course has knowledge of its own relation to its codefendants, and whether it has participated in any combination, especially in relation to the charges in articles 32 to 40 of the complaint, in which it is specifically named. Its codefendants may be

relied on to meet other charges in the complaint of which it has no direct knowledge.

[2] In view of all the circumstances, I think the pleading sufficiently apprises the Metropolitan Tobacco Company of what it will have to meet at the trial; but the damages claimed being very large, and being in the nature of special damages, I think the defendants are entitled to a bill of particulars showing the amount and kind of damage the plaintiffs have suffered since the year 1905, and how the same resulted from the conspiracy alleged in the complaint.

To that extent the motion is granted.