LOCKER et al. v. AMERICAN TOBACCO CO. et al.

(District Court, S. D. New York. November 29, 1912.)

1. APPEAL AND ERROR (§ 1039*)—HARMLESS ERROR—BILL OF PARTICULARS.

Under Code Civ. Proc. N. Y. § 531, which authorizes courts to require bills of particulars and to preclude a party failing to comply with such an order from introducing evidence of the matters to which the order relates, the furnishing of a bill of particulars is in itself a limitation of claim to the particulars stated, and while it is not necessary to express the limitation in the order, such a provision is not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. § 1039.*]

2. PLEADING (§ 317*)—BILL OF PARTICULARS.

In an action to recover special damages in a very large sum, alleged to have been caused by an illegal combination by defendants in restraint of trade, a defendant is entitled to a bill of particulars, stating in what such damages consist, and in what way they were caused to plaintiff by the alleged conspiracy.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

At Law. Action by John A. Locker and Elma Locker, trading as R. Locker & Co., against the American Tobacco Company, the American Snuff Company, the Blackwell's Durham Tobacco Company and the Metropolitan Tobacco Company. On motion to resettle order requiring bill of particulars. Overruled.

See, also, 197 Fed. 495.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Jacob C. Brand, of New York City, for plaintiffs.
Chas. M. Sheafe, of New York City, for defendants.

WARD, Circuit Judge. This is a motion by the plaintiffs to re-settle an order requiring them to furnish a bill of particulars to the Metropolitan Tobacco Company, one of the defendants. January 27, 1912, the court entered the following order:

"Ordered, that within ten (10) days after the service of a copy of this order upon the plaintiffs, or plaintiffs' attorney, the plaintiffs serve upon the attorneys for the defendant Metropolitan Tobacco Company, at their office, a verified bill of particulars showing the amount and kind of damage the plaintiffs have suffered since the year 1905, and how the same resulted from the conspiracy alleged in the complaint."

March 11th the plaintiffs furnished a bill claiming $25,000 for loss of good will, sums aggregating over $75,000 for loss of profits in the years from 1905 to 1911, inclusive, enhanced prices paid for goods during the same years, aggregating over $34,000, and additional expenses incurred during the same period, aggregating over $20,000, together with a statement as to the way in which these losses were connected with the conspiracy complained of.

March 18th the court ordered a further bill of particulars as follows:

"Ordered, that the plaintiffs be, and they hereby are, precluded from introducing at the trial of this action any evidence concerning their damages, sustained since 1905, other than the items set forth in the further bill of particulars, heretofore furnished and dated March 11, 1912, and that in proving such damages they be precluded from computing the same by any other method than the one set forth in said further bill of particulars; and it is

"Further ordered, that the plaintiffs be, and they hereby are, directed to serve upon the attorneys for the defendant Metropolitan Tobacco Company, within ten (10) days after service of a copy of this order, with notice of entry thereof, a second further verified bill of particulars, itemizing and particularizing the additional expenses necessarily incurred by plaintiffs for each of the following purposes, namely: In employing (1) extra salesmen; (2) extra buyers; (3) extra drivers; (4) extra horses; (5) extra wagons; and (6) in granting extra inducements, presents, premiums, and gratuities."

The plaintiffs apply to resettle this order, by striking out the first paragraph, which it will be noted incorporates the similar provision contained in the order of January 27th.

It is said that the foregoing order may be understood by the trial judge to prevent the plaintiffs from proving damages sustained before 1905. It does not, because the defendant Metropolitan Tobacco Company asked only for particulars of damage occurring after that date, apparently because it thought earlier damages would be barred by the statute of limitations.

It is also said that the order may preclude the plaintiffs from offering evidence of damages sustained between the beginning of the suit and the trial. Assuming that they have sustained damages which could be proved down to the time of trial, in accordance with the case of Park & Sons Co. v. Hubbard, 198 N. Y. 136, 91 N. E. 261, it will be their own fault if they are not allowed to do so, because in their bill of particulars they only alleged damages sustained down to

and including 1911, without claiming prospective damages after that date.

[1] The plaintiffs quite truly say that the provision contained in section 531 of the Code of Civil Procedure as to preclusion applies only where, a bill of particulars having been ordered, none at all has been furnished; also that the proper practice is, not to include the provision as to preclusion in the order granting the bill of particulars, but to require a separate independent order to that effect if no bill is furnished. This gives the party in default a locus pœnitentiæ. Reader v. Haggin, 114 App. Div. 112, 99 N. Y. Supp. 681; Foster v. Curtis, 121 App. Div. 689, 106 N. Y. Supp. 388; Hein v. Honduras Syndicate, 138 App. Div. 786, 123 N. Y. Supp. 431. But the furnishing of a bill of particulars is in itself a limitation of claim to the particulars stated in the bill. There is no need to express the limitation in the order, although I think it is often done. All that can be said is that such a provision is superfluous. Bowman v. Earle, 3 Duer (N. Y.) 691; Cochrane Co. v. Howells, 81 Hun, 610, 30 N. Y. Supp. 1029.

[2] The final objection, and the really important one, is that the order should not have required the plaintiffs to state how their alleged damages were caused by the conspiracy complained of, and should not have restricted them to proof in accordance with the particulars so furnished. This latter restriction, as pointed out above, was unnecessary; for, if the plaintiffs were properly required to state how the damages they claimed were connected with the conspiracy, the bill of particulars itself, without more, would have restricted their proof at the trial to the method of connection stated in it.

Bills of particulars have grown from very small and technical beginings into most important instruments of justice. Originally they were confined to accounts, then extended to contracts generally, and finally to torts. Section 531 of the Code of Civil Procedure authorizes courts to grant them "in any case." While they are not intended to advise a party of his adversary's evidence or theory, they will be required, even if that is the effect, in cases where justice necessitates it. For instance, in actions for damages caused by the negligence of servants, the plaintiff is constantly required to name the servant alleged to have been negligent, and to state the particulars in which he was negligent. Likewise, where the master's works, ways, or machinery are complained of as defective, the plaintiff will be required to state the defects and the way in which they caused his injuries. One of the main purposes is to prevent surprise, and to advise the party of what he is to meet at the trial. Dwyer v. Slattery, 118 App. Div. 345, 103 N. Y. Supp. 433; Bjork v. Post, 125 App. Div. 813, 110 N. Y. Supp. 206. Very interesting cases, more applicable to the one now under consideration, are Shaw v. Stone, 124 App. Div. 624, 109 N. Y. Supp. 146; Messer v. Aaron, 101 App. Div. 169, 91 N. Y. Supp. 921; Mayor v. Marrener, 49 How. Prac. (N. Y.) 36; Leigh v. Atwater, 2 Abb. N. C. (N. Y.) 419.

The claim in this case is unusual. It is for damages in a very large sum, which, if proved, will be trebled. The damages claimed are not general, such as are necessarily to be expected, but special. There is no necessary connection between the plaintiffs' loss of good will, of

·profits, and of trade, and increase of expenses, and the conspiracy complained of. Such results might have been due to a multitude of other causes. It is fair that the defendant should be advised in what way the conspiracy complained of resulted in these large losses, so that it will be able to meet the claim at the trial.

The motion is denied.