**HARRY PROCHASKA, Inc., v. CONSOLIDATED LITHOGRAPHING CORPORATION et al.**

**GEORGE SCHLEGEL, Inc., v. SAME.**

District Court, S. D. New York.

July 16, 1931.

Stern & Reubens, of New York City (Benjamin H. Stern and Raymond Reubens, both of New York City, of counsel), for defendant Consolidated Lithographing Corporation, Inc., and other defendants.

Moss, Marcus & Wels, of New York City (Isidor Wels, of New York City, of counsel), for defendant Steiner, and other defendants.

Henry Ward Beer, of New York City, opposed.

WOOLSEY, District Judge.

I deny requests for particulars mentioned in paragraphs Nos. 1a, 1b, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11a, 11b, 12, and 18 of the motion papers.

I grant the request for particulars with regard to the damages suffered by the plaintiffs mentioned in paragraphs Nos. 11c, 13, 14, 15, 16, and 17 a and b, and 19 of the motion papers.

I. This is an action at law brought under the Sherman Anti-Trust Act (15 USCA §§ 1–7, 15) alleging a conspiracy in restraint of trade by the several defendants, and involves a claim for a recovery of triple the amount of damages suffered by the plaintiffs owing to said conspiracy.

In approaching the question of a bill of particulars demanded in such an action, there are many aspects of the situation to be considered.

The complaints in these cases are, I think, very full in their allegations, and this motion is, apparently, made primarily for the purpose of precluding the plaintiffs in their proofs, and not in order to prevent surprise to the defendants.

We must remember that in Swift & Co. v. United States, 196 U. S. 375, at page 395, 25 S. Ct. 276, 279, 49 L. Ed. 518, Mr. Justice Holmes, in dealing with a criticism of the complaint in equity brought under the Sherman Anti-Trust Act as not being sufficiently definite, said: "The general objection is urged that the bill does not set forth sufficient definite or specific facts. This objection is serious, but it seems to us inherent in the nature of the case. The scheme alleged is so vast that it presents a new problem in pleading. If, as we must assume, the scheme is entertained, it is, of course, contrary to the very words of the statute. Its size makes the violation of the law more conspicuous, and yet the same thing makes it impossible to fasten the principal fact to a certain time and place. The elements, too, are so numerous and shifting, even the constituent parts alleged are, and from their nature must be, so extensive in time and space, that something of the same impossibility applies to them."

These two causes, however, are actions for large sums of money brought at law and triable by a jury and, consequently, the question of surprise has to be taken into consideration, and the defendants should be adequately advised of such of the plaintiffs' claims as are wholly within plaintiffs' knowledge, for, in a jury trial, the somewhat sedate procedure of an equity case under the Sherman Anti-Trust Act is not possible.

The question, therefore, is where the line should be drawn.

II. It has seemed to me, after reflection on the instant cases, that whilst it is perfectly appropriate for the plaintiffs to be required to show how the alleged conspiracy affected them in its exterior relation, it is precluding them too much in cases like these to ask them to give particulars as to what may be appropriately called the domestic affairs of the conspiracy, or particulars as to the relation between the conspirators and other persons than the plaintiffs. Cf. Locker v. American Tobacco Co. et al. (D. C.) 194 F. 232, 234, and same case on reargument (D. C.) 200 F. 973, 975, 976.

I have, therefore, approached the items of particulars requested by the defendants with this general principle in mind, and, in allowing or denying the particulars asked, have endeavored, as nearly as may be, to proceed in accordance with it.

Accordingly, I deny all the particulars, except those dealing with the damages claimed by the plaintiffs.

I do not think that the views expressed on damages in Story Parchment Co. v. Patterson Parchment Paper Co., 282 U. S. 555, 51 S. Ct. 248, 75 L. Ed. 544, although it was an action at law under the Sherman Anti-Trust Act in which triple damages were claimed, changes the rule for bills of particulars so wisely laid down by Judge Ward

in Locker v. American Tobacco Co. et al., (D. C.) 194 F. 232; Id. (D. C.) 200 F. 973.

Damages are a most important element in actions in tort such as these, and the same burden of proof in respect of them is laid on the plaintiff as in respect of the merits of the cause. Furthermore, proof of damages has to be made before the jury and cannot be postponed and heard by a master, as in an equity or admiralty case.

It is reasonable, therefore, that the defendants should be apprised, as requested, in the particulars allowed, of the plaintiffs' claim for damages.

The information bearing on damages which is requested in paragraph 18 is, however, denied because it deals solely with the intrastate business of the plaintiffs which is not relevant here. Cf. American Can Co. v. Ladoga Canning Co. (C. C. A.) 44 F.(2d) 763, 770.

Settle order on two days' notice.